## COUNTIES OF BRISTOL AND NEWPORT, DURING THE SPRING CIRCUIT, 1872.

PRESENT :

HON. GEORGE A. BRAYTON, CHIEF JUSTICE.
HON. THOMAS DURFEE, } JUSTICES.
HON. ELISHA R. POTTER, }

## BRISTOL COUNTY, MARCH TERM, 1872.

JOSEPH M. BLAKE & another, Trustees, *vs.* WILLIAM BUTLER, Administrator.

The respondent, administrator on the estate of B., filed his account in the court of probate, where a decree allowing it was passed. The complainants in this suit appealed from said decree to the Supreme Court. Pending this appeal the complainants filed a bill in equity, alleging that the respondent had failed to account for, and had concealed, some of the personal property of his intestate, and been guilty of other misconduct as such administrator, and had fraudulently procured a release of all claims against said estate from one F. B., who was entitled to all the personal estate, and praying that said instrument of release might be decreed to be void, and the said respondent decreed to account for all the personal estate of the deceased. *Held,* on demurrer to the bill, that the jurisdiction of the Supreme Court as a court of equity being concurrent with its jurisdiction at law as the appellate court of probate, a court of equity would not take jurisdiction of the bill, either to withdraw the account from the court of probate or to declare void the instrument of release as procured by fraud, but that the complainants could obtain the relief sought, if entitled thereto, upon the hearing of the appeal from the decree of the court of probate, on the law side of the court.

BILL IN EQUITY, brought by Joseph M. Blake and William M. Bailey, trustees of Mrs. Frances L. Perry, wife of Raymond H. Perry, against William Butler, administrator on the estate of Henry Butler, under a deed of trust empowering them to collect by suit or otherwise all claims which she had against the said William Butler as such administrator.

To the bill, the material allegations of which are stated in the opinion of the court, the respondent filed a demurrer, alleging (with others not considered by the court and consequently not noticed here) the following grounds thereof : —

1st. The general ground that the bill does not in and by its parts make or state a case such as does or ought to entitle the complainants to any such discovery or relief as they seek, and as is therein and thereby sought and prayed for against the defendant.

2d. That as the bill sets forth that the discovery and relief sought from and prayed for against the defendant is from and against him as administrator of the estate of Henry Butler, deceased, and in respect of the administration thereof ; and as it appears that the administration accounts of the said defendant are now pending on appeal from the court of probate of the town of Warwick to the Supreme Court in the county of Kent, as the appellate court, which, as is claimed in and by the demurrer, is a court of competent jurisdiction, and as his account is so depending in this court in said Kent County, the same cannot and ought not to be called in question, for the reason that all matters and things relating thereto are wholly and properly cognizable upon said appeal in said appellate court of probate, to wit, this Supreme Court, sitting in and for the county of Kent; and that the relief prayed for in and by this bill may be equally well had through the appeal so pending in said Kent County.

*James Tillinghast & Van Slyck*, for the respondent, in support of the demurrer, cited to the point that the court could not take jurisdiction upon the bill, because it showed upon its face that its whole subject matter was properly pending before the court in another county on appeal from the court of probate, in which the complainants could have as ample relief as upon this bill, 1 Dan. Ch. Pract. (4th Am. ed.) 561, 635 ; *Mallett* v. *Dexter*, 1 Curt. C. C. 178 ; and to the point that if any such release or discharge existed as was alleged in the bill, and it was ever set up by the

administrator, if obtained in the manner charged, that fact would be equally available to the complainants at the trial of the probate appeal as in the pending suit, *Phillips* v. *Potter*, 7 R. I. 289; *Lee* v. *Lancashire & Yorkshire Railway Company*, Law Rep. 6 Ch. 527.

*Payne & Parsons*, for the complainants, *contra*.

BRAYTON, C. J. The bill states that Henry Butler, late of Warwick, deceased, died on the 25th day of March, 1867, intestate, leaving a widow, Frances L. Butler, then pregnant, but leaving no issue born. That the respondent, William Butler, was thereafter duly appointed administrator on the estate of said deceased, and was qualified and entered upon the duties of said office, and returned an inventory of the estate of said deceased, appraised at the sum of $105,072.75. That the said widow, Frances L., was on the 27th day of October, 1867, delivered of a posthumous child, which, ten days thereafter, died. That upon the death of said child she became entitled to all the personal estate of the said Henry Butler deceased. That she, the said Frances, was thereafter duly appointed administrator on the estate of said deceased child. That said respondent, William Butler, returned his first account of administration to the court of probate of the town of Warwick, on the 11th day of May, 1868, showing a balance in his hands for distribution of the sum of $72,075.89, and that the said court passed a decree allowing said account. That an appeal was duly taken from said decree to the Supreme Court for the county of Kent, and duly entered in said Supreme Court at the March Term thereof, 1869, and is still pending. It further alleges that said Butler fraudulently, and with intent to defraud, obtained possession of the books, papers, and accounts, evidences of indebtedness and property of said deceased; that he fraudulently, and with intent to defraud, represented the personal property to the appraisers of said estate at much less than the real value, and so returned an inventory thereof; that he with like intent concealed, secreted, and neglected to include in said inventory a large amount of property and of debts belonging to said estate, of which he had full knowledge, and of which he had rendered no account; that with like intent he recognized as valid debts and pretended claims against said estate to a large amount for which said estate was not liable, and

fraudulently paid the same in violation of his trust, and with intent to defraud and deceive the said Frances ; that he pretendedly sold portions of said personal property at private sale at such appraised value, which were paid for with his own money, and appropriated to his own use, and this with intent to defraud. It is further alleged, that having done all these fraudulent acts in relation to said estate and with intent to defraud the said Frances L., prior to the decree of said court of probate, he induced and procured her to execute an instrument whereby she released and discharged the said defendant administrator of all claims and demands against the estate of said deceased, by taking advantage of, and practising upon, her necessities, ignorance, and fear; and it is further alleged, that for the purpose of practising upon her ignorance, necessities, and fear, and of ultimately inducing, forcing, or compelling a settlement on her part, he disturbed her in the possession of the mansion house, and declared that he was master of the house and of the servants, and by taunts, threats, and insults, expelled her from the house, and refused her means of procuring another tenement, and furniture and accommodation for her support.

The bill prays that said instrument of release may be decreed to be absolutely void and of no effect, as having been obtained by fraud, and by false and fraudulent representations, suppressions, and concealments, and that said William Butler may be decreed to account for all the personal estate of said deceased.

To this bill the respondent has filed a general demurrer, and the question is, if the bill states a case of which this court should now take jurisdiction, to give the relief prayed, either to declare the said instrument void or fraudulently procured, or to compel the respondent to account here.

The court of probate of the town of Warwick, which granted administration to the respondent on this estate, was the appropriate tribunal to which the respondent was required to resort. He had given bond to it that he would present his account there, and the law required him to account to that court fully for all the estate committed to him, to be administered, and their adjudication upon such accounts was to be conclusive and not examinable elsewhere. The bill states that he did so present his first account, and that the court took jurisdiction and proceeded to a

decree, and that from that decree an appeal was taken to the Supreme Court of Probate, and that the account is now pending in that court, and is now in its jurisdiction ; and because this court under its equity power has jurisdiction in some cases over such accounts, it is asked now to assume jurisdiction over this account, and to compel the parties to appear here for an adjudication, instead of proceeding there.

Our jurisdiction in such cases is only jurisdiction concurrent with that of the court of probate, and in case of concurrent jurisdiction, the court which first takes jurisdiction of the subject must exclusively adjudicate, and neither party can be compelled into another court for anything that may be adjudicated by the first. If the administrator neglect or refuse to account with the court of probate according to the condition of the bond, this court might properly and must from necessity compel an account, but in no case if he is in the process of accounting and before this is completely determined.

All the allegations in the bill, of misconduct of the respondent in the administration, his acts and omissions before the accounting, are allegations of maladministration here. They are all charges upon which the accounts rendered are to be surcharged or falsified, and so to be corrected.

The concealment of the property of the deceased, the omission of it in the inventory, the procuring the appraisal at an under-value, the sale at such under-value, the purchase by himself, the payment of pretended debts, the appropriating property to his own use, are all matters incident to the accounting, and must be adjudicated by the court having the account already before it.

It is insisted by the complainants that although the court might not withdraw the account from the court of probate, it should take jurisdiction of the bill so far as to declare void the instrument of release, as procured by fraud.

If the release could not be questioned before the court of probate, and the fraud by which it was procured would not be open to inquiry there, then indeed a court of equity must entertain a bill to institute such inquiry and declare the instrument void, if it were in the way of accounting.

The complainants do not allege that this release is in the way of accounting, that it is any bar to their claim in whole or in

part, or that the respondent intends to or has threatened to set it up against any claim of theirs.

We may assume that it is intended to be set up, and upon the prosecution of the appeal in this case it will be offered in evidence to bar the complainants of any further or greater balance that had already been decreed. May not the complainants object that it is utterly void and is no bar, and offer proof of the fraud by which it was procured, and have not the court jurisdiction of the question of fraud ?

The jurisdiction in equity over frauds is but a concurrent jurisdiction as in the matter of accounts. It is not exclusive, and is exercised by courts of law as well as by courts of equity. It is only exclusive where the fraud is beyond the reach of a court of law.

The question which arises upon this release is one properly incident to the accounting before the court of probate. It is an incident to the matter of account pending there. We do not see that that court is not competent to deal with it and determine it. The remedy is as perfect as that now asked of this court, namely, to hold the release void.

We see no reason for compelling the parties into this court for the determination of any of the questions made by the bill.

There was another question made on the argument of the demurrer, that the contract between the complainants and the said Frances L. Butler, giving them their present interest in the subject matter of the account to enable them to maintain a bill, is champertous and void. We have not thought it necessary to consider this question, it not being necessary to the determination of the demurrer.

*Demurrer sustained. Bill dismissed.*