GEORGE FRED WILLIAMS *vs.* JOSEPH U. STARKWEATHER
*et al.*

PROVIDENCE—MARCH 20, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Probate Law and Practice.  Equity.*

Equity deals with probate proceedings in the same way that it does with proceedings at law.  It does not interfere with either unless its aid is shown to be necessary upon some recognized ground of equitable jurisdiction.

(2)  *Probate Law and Practice.   Insolvent Estates.   Equity.*

An executor who, from a mistake in the assets and indebtedness of the estate, has failed to declare the estate insolvent within the time prescribed by Gen. Laws R. I. cap. 215, § 3, is remediless in a court of equity.

BILL IN EQUITY seeking relief, brought by an executor upon the following state of facts : Testatrix died January 11, 1898, by her will appointing the complainant executor.    March 25, 1898, the respondents Joseph U. Starkweather and Joseph C. Starkweather filed their bill in equity against the complainant and others, whereupon such proceedings were had that February 2, 1900, a decree was entered whereby the estate was denuded of all realty, of the value of about fifteen thousand dollars.    October 5, 1898, the complainant filed his inventory of the personalty of the estate.    August 9, 1898, respondent Joseph U. Starkweather, as administrator *de bonis* with will annexed of James O. Starkweather, filed his bill in equity against the complainant, whereupon such proceedings were had that February 2, 1900, a decree was entered whereby the estate of the testatrix was declared a debtor to the estate of James O. Starkweather in the sum of $2,865.09, and, besides, the inventory of the personalty of the testatrix was reduced by an amount estimated at $923.35.    Furthermore, two judgments were recovered against the complainant, as executor, aggregating $466.63.

The complainant averred that up to the rendition of the judgments above recited he believed the estate to be solvent. In March, 1900, the complainant filed with the Probate Court of Pawtucket a statement of his doings and the condition of the estate and a representation that it was insolvent, and requested that commissioners might be appointed, that the estate be administered as an insolvent estate, and that his account as presented might be allowed.    The Probate Court refused to appoint the commissioners, on the ground that it was without jurisdiction so to do, and refused to make any order on the accounts presented.

The complainant alleged that prior to February, 1900, he had paid certain preferred claims against the estate ; that, in addition, there were other preferred claims unpaid ; that on

April 26, 1898, and June 21, 1898, the complainant, believing the estate to be solvent, paid certain bills which were not preferred ; that, in addition, there were other claims against the estate not 'preferred and unpaid.

The bill prayed that the court would examine the dealings of the executor with the estate and his account ; that it would instruct him in what amounts and in what proportions he should distribute the property of the estate among the creditors ; and that under its general equity powers it would direct him in the administration of the estate.   Heard on demurrer to bill, and demurrer sustained.

Stiness, C. J.   The complainant qualified as executor of the will of Amey M. Starkweather, February 24, 1898.   The bill sets out that he then supposed the estate to be solvent ; that suits in equity were brought against him as executor, in which it was decreed that certain real and personal property which he supposed belonged to the estate did not belong to said Amey M. Starkweather, and further, on accounting, that the estate of his testator was indebted to the estate of James O. Starkweather ; that the result of these decrees was to render the estate insolvent ; that he had so represented it to the Probate Court of Pawtucket, in March, 1900, asking for the appointment of commissioners, which the court refused upon the ground of lack of jurisdiction.   He therefore files this bill, praying that this court will examine his account and dealings with said estate and order distribution among the creditors.   The respondent Joseph U. Starkweather demurs to the bill.

The question is whether an executor who, from a mistake in the assets and indebtedness of his estate, has failed to declare the estate insolvent within the time prescribed by statute can have a settlement in a court of equity.

Many things may arise in connection with the settlement of an estate which require the aid of a court of equity.   In such cases the court may be required to exercise power concurrently with a Probate Court in order to give relief.   The jurisdiction in equity is sufficiently stated by Mr. Justice

Potter, in *Daboll* v. *Field*, 9 R. I. 266, 285 : "Before the Supreme Court had equity powers, the jurisdiction of the Court of Probate was indeed exclusive, because there was no other court which had any power over matters of this kind. But since full equity jurisdiction was conferred upon this court, it has power, when a proper bill is filed and it has the fund or the parties before it, to proceed to a final settlement and distribution, if the nature of the case renders it proper."

The demurrer is not accurate in its statement that the court has no control over executors except as a Supreme Court of Probate on appeal, but evidently it means that the court has no jurisdiction in this particular case.

(1)    Equity deals with probate proceedings in the same way that it does with proceedings at law. It does not interfere with either unless its aid is shown to be necessary upon some recognized ground of equitable jurisdiction.

(2)    The only ground presented in this bill is that, as the complainant has lost his chance to represent the estate insolvent in the Probate Court because of a result of litigation which he could not foresee, he should therefore have substantially the same remedy in equity. His argument is that, administration being a part of general equity jurisdiction, jurisdiction at law conferred by statute on Probate Courts failing, this court having full equity powers, this bill must be sustained.

This conclusion does not follow. If a party had failed to take an appeal from a Probate Court or to file a claim for a debt within the time prescribed by statute, surely he could not come into equity for a remedy on that ground.

In *Rafferty* v. *Potter*, 21 R. I. 517, an administrator set up a mistake on his own part in not informing commissioners of sums paid by him on certain accounts, whereby they allowed only the balance due. The court held that resort could not be had to equity on the ground of a mistake which was the complainant's own fault.

The complainant's conclusion in this case, therefore, not being "logically inevitable," we turn to his standing in this matter. Gen. Laws cap. 213, § 2, provides that claims against

an estate must be presented within six months, unless the Court of Probate shall extend the time, not beyond one year. Section 3 then provides that within thirty days after the expiration of the period, the executor or administrator shall, if he so believes, declare the estate insolvent.

The purpose of this statute is evident. It fixes the time within which claims shall be presented, and then gives the administrator thirty days to determine whether the estate is ample to pay them or not. In *Strong* v. *Luther*, 20 R. I. 317, it was held that the administrator could not declare the estate insolvent after the expiration of the thirty days.

The complainant contends that this decision is inconsistent with *Pierce* v. *Allen*, 12 R. I. 510, which allowed a representation of insolvency after the time apparently prescribed by statute.

There is no inconsistency between the cases. At the time of *Pierce* v. *Allen*, the law provided that the administrator of an insolvent estate, "before payment to any be made," should represent it as insolvent. No time was fixed otherwise within which the representation should be made. The court held that the payment intended in the statute was a payment from an *insolvent* estate ; that payments might be made while an estate appeared to be solvent, but the court added : "If the executor knows or has reason to suspect that the estate is insolvent and chooses to pay any debts in full, it may be said that he does it at his own risk." With this construction of the statute, and so far as appears in the case the representation was not made after the time fixed by the law, because the payment intended therein was a different sort of payment from the one which was made, the decision amounted only to this—that an executor who had made a payment, supposing the estate to be solvent, might afterwards represent the estate insolvent. This was a necessary construction as the law then stood, because the periods for paying debts due from the estate and for bringing suits upon claims against the estate were coterminous. Hence, the court said that if an administrator could not represent an estate insolvent when he found it to be so, every estate would have to be repre-

sented insolvent at the beginning for protection of the admin-istrator.

But the present law is definite and plain. It leaves nothing to construction. It provides a time within which claims must be presented, and a space after that for the administrator to decide what he will do, with full knowledge of the possibilities before him.

In this case the executor knew before the expiration of the thirty days that claims were made which might reduce the assets in his hands and enlarge the debts. He could then have declared the estate insolvent, having reason to believe that it might be so. This is what the statute says he must do. We therefore see no remedy in equity because he failed to do so.

Demurrer sustained.

*Arnold Green*, for complainant.

*Edward D. Bassett, E. W. Blodgett, Lellan J. Tuck, and J. E. Banigan*, for respondents.