WILLIAM H. MCSOLEY, JR. *et al. vs.* ALICE M. MCSOLEY *et al.*

DECEMBER 6, 1951.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This cause is before us on the appeal of certain respondents from a decree of the superior court entered December 18, 1950 granting to complainants a preliminary injunction against respondents in accordance with the prayers set forth in the bill of complaint.

The bill contains among others the following allegations: That William H. McSoley, late of the town of Warren in this state, died September 27, 1948; that his will and codicil,

dated July 9, 1947 and June 30, 1948 respectively, having been duly filed were denied probate by a decree of the probate court of said town, from which decree an appeal was taken to the superior court; that subsequently this appeal was tried before a jury resulting in a verdict finding the will and codicil to be those of the deceased and containing special findings that at the time such will and codicil were executed the deceased had testamentary capacity and was not subject to undue influence; and that an appeal in that case is now pending in this court.

The bill also alleges that, pending the appeal from the decree denying the will and codicil to probate, the probate court of Warren refused to appoint the Industrial Trust Company custodian on petition of complainants, but did through its decree appoint respondent Alice M. McSoley as administratrix, on petition of the contestants, from which decree complainants herein duly appealed. This appeal is now pending in the superior court.

The bill further alleges in substance that the said administratrix has neglected and failed to file certain income tax reports; that she has failed to pay the claims of creditors duly filed and not disallowed; that she has otherwise administered the affairs of the estate in such a way as to constitute misfeasance and nonfeasance, thereby warranting a court of equity in removing her from her position as such administratrix; and that such conduct if continued will cause irreparable loss and injury to complainants and greatly diminish their interests in the estate.

It is also alleged that the respondent administratrix is acting only by virtue of her appointment under a decree of the probate court; that such court was without lawful authority to appoint her as such administratrix during the pendency of the appeal from the decree denying probate of the will and codicil; that in consequence thereof the said respondent is acting in a fiduciary capacity with respect to these complainants; and that only a court of equity has jurisdiction over such fiduciary relationship.

Among others the bill contains in substance the following pertinent prayers for relief: That the respondent administratrix be restrained and enjoined from taking, using, expending or disbursing by herself or through her attorneys, or agents, any money, credit or asset of the estate, for any purpose whatsoever.

That the respondent attorney for the administratrix be enjoined and restrained from countersigning any check or paying out any money, credit or asset of the estate for any purpose whatsoever, either as an individual or as attorney for the respondent administratrix or as agent for the surety company, and from using or disbursing any money or assets of the estate in his possession or under his control individually or in any representative capacity.

That the respondent Industrial Trust Company, as depository of the assets of the estate, be restrained and enjoined from paying out, transferring or allowing the withdrawal of any assets of the estate to, or to the order of, the respondent administratrix or her attorneys, agents or payees and from allowing access by them to any safety deposit box standing in the names of the estate or of the respondent administratrix.

The bill also prays for a disclosure to the complainants of the assets of the estate, for an accounting, and for the appointment of a receiver to take, hold and protect the assets of the estate and to administer the same until final determination of the appeal from the decree of the probate court appointing respondent Alice M. McSoley administratrix.

After hearing in the superior court a décree was entered denying respondents' motion to dismiss the bill of complaint and granting the relief prayed for against respondents Alice M. McSoley, her attorney, and the Industrial Trust Company. The basic question presented to this court is whether the superior court, sitting as a court of equity, has jurisdiction to entertain the instant bill. The respondents contend that the superior court sitting in equity has

no such jurisdiction and that the probate court of Warren is the proper forum in which to seek relief, and also that there is an adequate remedy at law under the appeal from the decree of the probate court now pending in the superior court.

We are of the opinion that the motion to dismiss the bill of complaint on the ground that the superior court lacked jurisdiction was properly denied. However, in our judgment the decree appealed from is too broad and must be modified in the manner and for the reasons hereinafter set forth.

Ordinarily a court of equity will not interfere with probate proceedings unless it is necessary to do so on some recognized ground of equity jurisdiction. *Williams* v. *Starkweather,* 22 R. I. 501. Our superior court sitting in equity is expressly given general probate jurisdiction by statute "when such jurisdiction is properly involved in suits in equity." General laws 1938, chapter 496, §10. Such jurisdiction, however, is concurrent with courts of probate and will not be exercised where it has already attached in proceedings in the probate court. *Blake* v. *Butler,* 10 R. I. 133.

The case at bar presents an unusual and peculiar set of circumstances. The respondent Alice M. McSoley by virtue of her appointment as administratrix of the estate of William H. McSoley, deceased, is expending funds of the estate under her control in defending against an instrument purporting to be the last will and testament of said deceased, which instrument was denied probate by a decree of the probate court. That will contest is now pending on appeal in this court. The decree of the probate court appointing respondent Alice M. McSoley administratrix has also been appealed by complainants on the ground that the probate court was without authority to make such appointment and that appeal is pending in the superior court. As we understand it, such appellate proceedings raise a question of the construction of two statutes, one apparently authorizing the appointment of an administrator in a case such

as the one at bar, but only for limited purposes, G. L. 1938, chap. 573, §12, and the other apparently authorizing an administrator, on appeal, to defend against a will which was denied probate by a decree of a probate court, G. L. 1938, chap. 575, §49.

In the instant case the complainants, who are the appellants in the above-mentioned proceedings, allege that the administratrix is unlawfully acting as such, and they rely on such allegation as a ground of equity upon which they base their claim of right to invoke the aid of a court of equity to prevent alleged illegal appropriation and expenditure by her of the funds of the estate. It is this allegation which prima facie seems to pose the question of a possible irreparable loss to the estate if it should be ultimately determined that the administratrix had no authority to act in such capacity. However, whether or not she was lawfully vested with such authority and what is the extent and scope of it are questions that should be determined at law and not in equity, since legal proceedings for their determination were pending before the instant bill was brought. In such circumstances there is no reason why a court of equity should interfere with the proceedings of a court of law excepting only to aid it in preserving the *status quo*.

In view of the apparent conflict in the statutes above mentioned and the alleged possibility of irreparable loss to the complainants in the event the administratrix should be found to have acted without authority from the beginning, we think there may be some reason for the intervention of equity by means of its exclusive remedy of injunction to hold matters in *statu quo* until the disputed authority of the administratrix is determined at law. Therefore we are of the opinion that the decree appealed from should be modified so that it will enjoin and restrain only the respondent Alice M. McSoley from doing any acts under her appointment as administratrix other than those prescribed by general laws 1938, chapter 573, §12, until the legality

and scope of her appointment are finally determined in the appellate proceedings now pending in the superior court.

The respondents' appeal is sustained in part, the decree appealed from is modified as above set forth, and on December 17, 1951 the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Edward M. Brennan, William H. McSoley, Jr.,* for complainants.

*William S. Flynn,* for respondents.