Evelyn DESPER

v.

Leah TALBOT, in her Capacity
as Executrix of the Estate
of Donald E. Desper.

No. 98–107–Appeal.

Supreme Court of Rhode Island.

March 31, 1999.

William G. Savastano, for plaintiff.

Joseph J. Roszkowski, for defendant.

Present WEISBERGER, C.J., and
LEDERBERG, BOURCIER, FLANDERS,
and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on March 1, 1999, pursuant to an order entered on September 22, 1998, directing the parties to appear and show cause why the issues raised in the plaintiff's appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

The case concerns the distribution of the testamentary estate of Donald E. Desper (Donald), the decedent and former husband of the plaintiff, Evelyn Desper (Evelyn).

Donald and Evelyn, during their marriage, lived in Franklin, Massachusetts in a home owned by them as tenants by entireties. In 1971 Evelyn divorced Donald. She remained at the marital domicile with their five children. Donald, by divorce decree, was ordered to pay thirty dollars per week for child

support. Donald left Massachusetts and took up residence in Woonsocket with a live-in girlfriend. The record indicates that Donald failed to make the child support payments as ordered through some nineteen years from 1971 until his death on October 5, 1990. Prior to his death, Donald had executed a last will and testament in which he had intentionally omitted to provide for any of his five children and in which he devised his undivided one-half interest in the former Franklin marital domicile to his live-in girlfriend. That property interest constituted the principal asset of his estate. His will was later admitted to probate in the Woonsocket Probate Court. The defendant, Leah Talbot (Leah), was appointed executrix of Donald's estate.

Evelyn duly filed a claim in the probate court for $41,562.79, which represented the unpaid child support due her from Donald pursuant to the 1971 divorce decree. In her claim, Evelyn asserted that the appraised value of the Franklin property in which Donald had retained a tenant in common interest was $71,000.[1] Evelyn requested that the executrix, Leah, transfer to her all of Donald's one-half interest in the Franklin property in satisfaction of her claim. The executrix rejected that claim request and summarily denied Evelyn's claim. Undaunted, Evelyn filed a civil action in the Providence County Superior Court against Leah, as executrix of Donald's estate, in which she sought not only the unpaid $41,562.79 child support amounts due her, but in addition, one-half of various payments made by her for mortgage, insurance, and taxes all paid by her in order to retain the Franklin property. Those payments preserved Donald's one-half interest therein. Leah, the executrix, engaged counsel to contest Evelyn's claim in the Superior Court.

On July 25, 1997, summary judgment for $101,488.57 in Evelyn's favor was entered in her civil action claim. Execution on that judgment was issued on September 2, 1997, and was returned nulla bona—wholly unsatisfied. On September 5, 1997, Evelyn filed a

post judgment motion in which she sought to have the executrix Leah transfer to her all of Donald's interest in the Franklin property and alternatively, a motion to reach and apply the Franklin property towards satisfaction of the July 25, 1997, judgment, pursuant to G.L. 1956 § 9–28–1. Evelyn also requested an order requiring the executrix's attorney to vacate and remove his notice of attorney's lien filed against the Franklin property in the Norfolk, Massachusetts Registry of Deeds. Additionally, Evelyn, for apparently procedural safeguard reasons, filed a separate miscellaneous petition in the Superior Court seeking to reach and apply the Franklin property to satisfy her $101,488.57 judgment. (P.M. 97–4684.) Evelyn's initial civil action (P.P. 93–1866) and the miscellaneous petition (P.M. 97–4684) were consolidated for hearing.

Evelyn's consolidated actions came on for hearing before a justice of the Superior Court on December 18, 1997. After hearing, the trial justice, relying upon our holding in *McSoley v. McSoley,* 79 R.I. 124, 84 A.2d 798 (1951), denied both Evelyn's civil action as well as her motions to reach and apply, believing that the Superior Court lacked subject matter jurisdiction over the matter and remanded the controversy to the Woonsocket Probate Court. The trial justice additionally denied the executrix's motion for allowance of attorney's fees, without prejudice, and also Evelyn's motion to have the notice of attorney's lien removed from the Norfolk Registry of Deeds. Evelyn appealed.

▰ Evelyn, in her appeal, claims that the trial justice erred in concluding that the Superior Court lacked subject matter jurisdiction on her judgment creditor's equitable action brought pursuant to § 9–28–1. We agree. That statute clearly permits "[a]ny judgment creditor," after an execution has been returned wholly or in part unsatisfied, to bring a civil action in the nature of a creditor's bill to reach and apply and subject to the payment of the judgment any equitable asset, except those assets exempt from attachment by statutory provision. The rem-

---

1. By virtue of the 1971 divorce, the estate by entirety in the Franklin property was terminated and Evelyn and Donald each owned a one-half interest in equity as tenants in common. *Blitzer v. Blitzer,* 361 Mass. 780, 282 N.E.2d 918, 920 (1972).

edy provided to judgment creditors such as Evelyn in this case is *cumulative* to any other remedy but does not supersede any existing remedy.

Accordingly, since by Massachusetts law, Donald's interest in the Franklin property, as a tenant in common, was a one-half interest in the equity of that property, *Blitzer v. Blitzer,* 361 Mass. 780, 282 N.E.2d 918, 920 (1972), that equitable interest was reachable by means of Evelyn's civil action brought pursuant to § 9–28–1. The trial justice thus erred in concluding that the Superior Court lacked subject matter jurisdiction over Evelyn's civil action in the nature of a creditor's bill seeking to reach and apply Donald's equity in the Franklin property in order to satisfy her judgment upon which an execution had been returned wholly unsatisfied.

Our review of the voluminous record in this case prompts us to conclude that the parties have, since Donald's death on October 5, 1990, become entangled in what we perceive as a "complex procedural morass" similar to that encountered in *Cheetham v. Cheetham,* 121 R.I. 337, 397 A.2d 1331 (1979) and which prompted this Court to then exercise its inherent authority to fashion a remedy in order to permit that litigation to achieve a final conclusion. We discern that this case requires us to once again fashion what we believe will be a fair and finite resolution of the procedurally entangled litigation that has generated from Donald's insolvent probate estate proceedings.

We note at the outset in fashioning the finite remedy for this litigation, that while Donald died on October 5, 1990, his last will and testament, for unexplained reasons, was not presented for probate until 1992 and the defendant executrix was not appointed until November 12, 1992.[2]

■ Evelyn's claim for unpaid child support duly filed in the probate estate was summarily denied by the executrix. That denial ignored our long settled law that unpaid child support allowances are in the nature of final judgments, *Calcagno v. Calcag-*

no, 120 R.I. 723, 730, 391 A.2d 79, 83 (1978), and that the death of Donald on October 5, 1990 did not relieve Donald of his obligations that had accrued prior to his death. *Centazzo v. Centazzo,* 556 A.2d 560, 562 (R.I.1989). Accordingly, Evelyn's claim for unpaid child support should not have been denied. That denial has unfortunately resulted in the tangled litigation that has been going on in the Superior Court for the past six years.

■ The record before us, supplemented by the memoranda and arguments of counsel, establishes that the estate in question is basically insolvent. Except for Donald's equity interest in the Franklin real estate, which is chargeable with Evelyn's unpaid $101,408.57 judgment, and a small but financially insignificant coin collection, the estate lacks any assets. Mindful, however, that expenses of administration and funeral charges take precedence over Evelyn's unpaid judgment claim pursuant to G.L. 1956 § 33–12–1, we remand this matter to the Superior Court with the following directions to the trial justice:

(a) to grant Evelyn's petition to reach and apply Donald's equity in the Franklin property;

(b) to order the defendant executrix to execute a quit claim deed conveying all of Donald's equity interest in the Franklin property to Evelyn in satisfaction of her July 25, 1997 judgment against Donald's estate;

(c) to order Evelyn in return for the conveyance to her of Donald's equity to pay Donald's funeral charges (excluding any interest), to pay to the executrix's attorney a counsel fee in the amount of $500 and to pay to the executrix a fee for her services not to exceed $100;

(d) to order counsel for the executrix upon payment of his counsel fee to release and remove the recorded attorney's lien filed against the Franklin property in the Norfolk Registry of Deeds; and

(e) to order the executrix to file all necessary probate accounting and other docu-

---

2. G.L. 1956 § 33–7–5 requires persons having custody of a will to deliver the will within thirty days after notice of the death of the testator to the probate court having jurisdiction of the probate thereof.

ments necessary to close out Donald's estate in the Probate Court.

The plaintiff's appeal is sustained and the judgment of the Superior Court is vacated. The papers in this case are remanded to the Superior Court for further proceedings consistent with the directions given in this opinion.