MARY R. O'BRIEN *vs.* RAYMOND J. O'BRIEN.

Norfolk. December 9, 1949. — April 3, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Marriage and Divorce*, Alimony, Modification of decree.

It was error to dismiss a petition in a Probate Court by a woman against her former husband, who had obtained a divorce from her, for alimony following a cessation of alimony pursuant to the terms of a previous decree, where it appeared from a report of material facts that, although

an existing physical and mental condition of the petitioner as a chronic alcoholic and as subject to a mental psychosis causing emotional disturbances had been the same at the time of the hearing resulting in the previous decree, there had been subsequent changes in her circumstances in that for over nine months she had been confined in a State mental institution, that after her release she had had three attacks of a psychotic nature and would have been institutionalized if accommodations had been available, and that she was in need of additional medical care, had incurred debt, had no funds for her support, and had become a recipient of public charity; a resumption of alimony was not precluded either by the fact that the petitioner's condition was in "great part" due to her excessive use of alcoholic liquor or by the fact that the respondent had remarried and might suffer financial hardship if required to resume alimony.

PETITION, filed in the Probate Court for the county of Norfolk on May 24, 1948, praying that "a decree be entered requiring the . . . [respondent] to pay to the petitioner each week, until further order of the court, a sum of money adequate to support the said petitioner in the station and comfort in which she is entitled to be supported."

The case was heard by *Davis*, J., who dismissed the petition. The petitioner appealed.

The case was argued in December, 1949, before *Qua*, C.J., *Lummus*, *Wilkins*, *Spalding*, & *Counihan*, JJ., and afterwards was submitted on briefs to all the Justices.

*E. Fleishman*, (*H. S. Avery* with him,) for the petitioner.

*D. A. Weiss*, for the respondent.

COUNIHAN, J. Material facts are as follows. On February 1, 1930, the respondent married the petitioner and there was one son born of this marriage. On July 7, 1942, the respondent obtained a divorce from the petitioner for cruel and abusive treatment and gross and confirmed habits of intoxication caused by the voluntary and excessive use of intoxicating liquor, and there was a decree that the respondent furnish suitable support, maintenance and clothing to the petitioner until further order of the court, and the care and custody of the minor child was awarded the respondent. On May 27, 1946, this decree was modified by striking out the provision for suitable support, maintenance and clothing, and the respondent was ordered to

pay the petitioner $6 a week. On March 12, 1947, on the petition of the petitioner the original decree was further modified by ordering the respondent to pay the petitioner $10 a week until October 1, 1947, when payments were to cease, with a modification relative to the custody of the minor child not here material.

The petitioner "is or has been a chronic alcoholic and as such has been a patient and inmate at various institutions public and private." The decree of March 12, 1947, was entered in the hope that the petitioner would rehabilitate herself, but this hope was not realized and probably never can be, due to almost certain emotional outbreaks on the part of the petitioner. The petitioner had a mental psychosis which at times caused violent emotional disturbances, and there was medical opinion that these psychotic conditions rendered her unfit for sustained employment. The prognosis was unfavorable. After the decree of March 12, 1947, the petitioner suffered additional psychotic attacks and from July 25, 1947, until May 10, 1948, was confined in a public mental institution. Since her release she has had three attacks of a psychotic nature and would have been institutionalized if accommodations were available. The same conditions existed at the time of the hearing on the present petition as existed at the hearing preceding the decree of March 12, 1947, in so far as the physical and mental condition of the petitioner was concerned. The amended report of material facts shows that the petitioner had no funds or financial resources available for her support; that she had become the recipient of $11 a week from public charity; and that she had incurred obligations approximating $500 and was in further need of medical care. The respondent had remarried and a child was born of that marriage. His net income for 1948, after paying his income tax and payments of $1,400 for education and $350 for personal expenses of the son by his marriage to the petitioner, was $4,442.66. He also had a trust fund of approximately $2,000 for the education of this son. The son was nineteen years old and a student in a private preparatory

school. In view of the circumstances the judge did not feel that the respondent should any longer be required to support the petitioner and dismissed her petition on April 28, 1949.

Because the evidence was not reported we must accept the facts found by the judge in his report, unless they are inconsistent with other facts found, but the appeal brings before us all questions of law and discretion. *Quigley* v. *Quigley*, 310 Mass. 415, 416. *Turner* v. *Morson*, 316 Mass. 678, 681. We have frequently affirmed the principle that the amount of alimony to be awarded rests to a considerable extent in the discretion of the judge, after a consideration of all the facts, including the needs of the wife, the financial worth of the husband, the station in life of the parties and their mode of living, in order that a just and reasonable allowance may be made for the support of the wife. In the great variety of circumstances that are presented in cases involving the question of alimony, no inflexible rule can be formulated. It is no bar to a decree for alimony that the husband has remarried. The power to modify is broad and general and a decree may be changed from time to time to meet changing conditions of the parties so as to make fair and reasonable provision for support. *Whitney* v. *Whitney*, *ante*, 28, 30–31, and cases there cited.

While it is true that the question of alimony rests to a considerable extent in the discretion of the judge, we are not bound by his conclusion if we arrive at a different result upon consideration of the facts found by him. See *Coe* v. *Coe*, 313 Mass. 232, 235.

We believe that the judge was in error in dismissing the present petition.

It is contended by the respondent that there was no change in the circumstances of the parties to justify a modification of the decree of March 12, 1947, and that the decree appealed from was correct. Our cases hold that no decree for alimony will be modified unless the petitioner shows such a change. *Whitney* v. *Whitney*, *ante*, 28. It is true that the judge found that the same situation as to the petitioner existed

at the time of the hearing on the present petition as existed at the time of the hearing preceding the decree of March 12, 1947, in so far as the physical and mental condition of the petitioner was concerned. But he made other findings which seem to us inconsistent because they do show marked changes in her circumstances. He found that from July 25, 1947, to May 10, 1948, she was confined in a State mental institution; and that after her release she had three attacks of a psychotic nature and would have been then institutionalized if accommodations had been available. His amended findings are more indicative of changes in her circumstances, however, because he found that she was in need of additional medical care; that she had incurred debt and obligations approximating $500; that she had no funds available for her care, maintenance and support; and that she had become the recipient of public charity to the extent of $11 a week. The record discloses none of these circumstances existing at the time of the hearing preceding the March 12, 1947, decree.

The respondent likewise contends that the decree ought to be affirmed because the judge found that the mental condition of the petitioner was in a "great part" the result of her excessive use of intoxicating liquor. We cannot agree with that contention. For many years alcoholics were considered and treated as criminals. Recently, however, there has been a marked change in public opinion and many thoughtful persons have been engaged in bringing the subject of alcoholism to the attention of the medical profession, and physicians and psychiatrists have already accomplished much in the successful solution of this problem. Whether the petitioner was at fault or not is not decisive. It has been said in *Graves* .v. *Graves*, 108 Mass. 314, 317–318, "The power conferred by these statutes to decree alimony to the wife extended to all cases mentioned therein, and was not limited to those in which the decree of divorce was in her favor. . . . She may have been guilty of such a breach of the marriage obligation as to entitle her husband to a

divorce; and yet it may not be just, if her husband is . . . capable of earning money, and she is poor or weak, that she should be turned out into the world without any means of livelihood . . .." See *Brown* v. *Brown,* 222 Mass. 415.

We do not believe that the respondent ought to be permitted to shift to the public the obligation he assumed when he married her. It may be that because of his second marriage he will suffer some financial hardship, but the short answer to that is that he must have entered into the second marriage conscious of his obligations to his former wife so that the second marriage with its attendant obligations affords him no relief. In *Bursler* v. *Bursler,* 5 Pick. 427, 428, it was said that "this was not like common cases of alimony; that the situation of the petitioner required extraordinary expenses, and if the parties had not been divorced, the respondent would have been morally obliged to spend more than his income, and to sell part of his real estate, to pay those expenses." See *Smith* v. *Smith,* 190 Mass. 573, 576.

The decree in the opinion of a majority of the court should be reversed and the case be remanded to the Probate Court for further proceedings in accordance with this opinion, with costs and expenses of this appeal to be allowed the petitioner or her counsel in the discretion of the Probate Court. G. L. (Ter. Ed.) c. 208, § 38, as appearing in St. 1933, c. 288.

*So ordered.*