DOROTHY L. L. BLITZER vs. STANFORD D. BLITZER.

Middlesex.  March 8, 1972. — May 10, 1972.

Present: TAURO, C. J., CUTTER, SPIEGEL, REARDON, & HENNESSEY, JJ.

*Jurisdiction*, Nonresident, Property of nonresident, Quasi in rem.
  *Divorce*, Alimony, Support of child, Tenancy by the entirety. *Probate Court*, Appearance, Jurisdiction. *Tenants by the Entirety.*
  *Real Property.*  Of nonresident, Tenancy by the entirety.

In a divorce proceeding by a wife, assuming that an appearance of the
  husband, a nonresident, was special, the court had no jurisdiction
  to enter a personal decree against him requiring him to convey
  his interest in Massachusetts real estate to the wife; however, the
  court did have power, by a decree quasi in rem, to subject the
  husband's interest in the real estate to a valid claim by the wife
  for alimony and support of their children.  [782–783]
A divorce of husband and wife holding real estate on a tenancy by
  the entirety terminates that tenancy and gives each an undivided
  half interest in common.  [783]
In a divorce proceeding against a nonresident husband wherein by
  the divorce the parties would become tenants in common of real
  estate the judge should appoint a special master to make any
  conveyance or sale which he might deem appropriate in applying
  quasi in rem the husband's interest in the property in satisfaction
  of his obligations for alimony and support of the parties' children,
  or the judge in his discretion might postpone sale of the property
  while the wife continued to occupy it and establish by decree a lien
  against the husband's interest for such obligations.  [783–784]

LIBEL for divorce filed in the Probate Court for the
county of Middlesex on April 10, 1969.

The case was heard by *Martin*, J.

*A. Theodore Welburn* (*Maurice E. McLoughlin, Jr.*,
with him) for the libellee.

*Harris A. Reynolds* for the libellant.

CUTTER, J.   Mrs. Blitzer (the wife) was granted a divorce from her husband by decree nisi in the Probate Court on February 11, 1971.   The decree provided that the husband was to convey to the wife his interest in the marital home (the locus) in Newton and the husband's appeal is directed only to that part of the decree.   The evidence is not reported.   The case is before us on certain pleadings and a report of material facts, on the basis of which the facts are stated below.

Personal service was not made on the husband, a resident of Pennsylvania.   He did not contest the libel on the merits but filed on December 1, 1970, a "special appearance to object to [the] order of sale of real estate in lieu of alimony," through a Massachusetts attorney. Service on the husband had been made only by publication and certified mail.   An attachment of the locus was recorded in the registry of deeds on April 18, 1969, pursuant to an order of notice issued on April 10 on the wife's Massachusetts libel for divorce.

The parties separated in July, 1968.   The husband then moved to Pennsylvania.   Subsequently, in the District Court of Newton, an order was entered requiring the husband to pay to the wife $400 a month for her own support and for the support of two minor children. This was followed by 1969 proceedings in Pennsylvania under the Uniform Reciprocal Enforcement of Support Act (see, in Massachusetts, G. L. c. 273A; M———— v. W————, 352 Mass. 704).   In the Pennsylvania court, both parties appeared with counsel.   An order was entered that the husband pay to the wife $400 a month for the support of the wife and two children[1]

---

[1] The husband, on July 9, 1970, filed a divorce libel in Pennsylvania alleging the wife's desertion and asserting that no prior proceeding for divorce was pending "in any jurisdiction."   He then knew of the Pennsylvania support proceeding and of the Massachusetts libel.   The wife appeared generally in Pennsylvania and set up the pendency of the Massachusetts proceedings in her answer contesting the Pennsylvania libel.

The wife contributed $3,000 to the purchase of the locus, and $4,000 came from joint funds. The wife's parents have advanced $4,199.88 to support the wife and her children and $1,200 to pay mortgage arrearages. The wife has overdue household bills of $2,142.29. The equity in the real estate is "approximately $26,000." The husband has contributed a grand total of $1,926 between October 15, 1969, and either (a) December 1, 1970, the date of the hearing, or (b) June 23, 1971, the date of the report of material facts.[2] The wife reasonably needs $773 a month for herself and her children. The judge found that the "only practical way" of providing such support "is by ordering the conveyance of the" locus to the wife.

1. The wife argues that the husband made a general appearance because he did not (a) specify adequately the purpose of his special appearance, or (b) state that he was a nonresident not subject to the jurisdiction of the Probate Court. The libel had alleged that the husband lived in Pennsylvania. We assume (without deciding) that, although the husband's special appearance could and should have been more specific (see Rule 2 of the Probate Courts [1959], third par.; and analogy of last par. of Rule 19 of the Superior Court [1954]), it was sufficient, in the circumstances, to enable him to appear to defend his interest in the locus without subjecting himself to a personal judgment. See *Cheshire Natl. Bank* v. *Jaynes,* 224 Mass. 14, 17–20; *Gulda* v. *Second Natl. Bank,* 323 Mass. 100, 104–105. See also *Churchill* v. *Bigelow,* 333 Mass. 196, 198; *Madden* v. *Madden,* 359 Mass. 356, 364, cert. den. 404 U. S. 854; *Minichiello* v. *Rosenberg,* 410 F. 2d 106, 111 (2d Cir.). Cf. *Gilman* v. *Gilman,* 327 Mass. 143, 146. On the assumption (that the husband's appearance was special) which we have made, there was no jurisdiction in the Probate Court to enter a personal decree against

[2] Which date the judge meant is not clear from that report. In the absence of proof of a later date, we assume that he intended the date of the hearing.

the husband requiring him to convy the locus to the wife. See the *Gulda* case, *supra; Katz* v. *Katz,* 330 Mass. 635, 639; *Pennoyer* v. *Neff,* 95 U. S. 714, 723–724. The Probate Court, nevertheless, did have power, by a decree quasi in rem to subject the husband's interest in Massachusetts real estate to a valid claim by the wife for alimony. The present decree, however, appears to be a decree in personam and should be revised (upon suitable amendment of the pleadings in the Probate Court) to operate only against (and to the extent of the value of) the husband's interest in the locus.

2. The husband contends that the report of material facts contains insufficient findings to support a decree in favor of the wife for a conveyance. He relies largely on *Topor* v. *Topor,* 287 Mass. 473, 475–477. The present findings establish the needs and circumstances of the wife and her children. The Pennsylvania court (in a contested hearing where both parties were represented by counsel) as recently as October 15, 1969, had determined that the husband should pay $400 a month as support for his wife and children. The probate judge could reasonably rely on that recent decree as showing that the husband was able to afford, and should be required to pay, at least that amount. See *Klar* v. *Klar,* 322 Mass. 59, 60. Cf. *Hillery* v. *Hillery,* 342 Mass. 371, 375. As the case, in any event, must be heard further in the Probate Court, opportunity to establish with more accuracy the present circumstances and needs of the parties may be afforded if either party so requests.

3. The remaining question relates to the manner in which the Probate Court may enforce the wife's claim for alimony and support of her children by a decree quasi in rem. By virtue of the divorce, the estate by the entirety in the locus will have been terminated and the wife will own, as tenant in common with her former husband, a one-half interest. *Bernatavicius* v. *Bernatavicius,* 259 Mass. 486, 489–490. *Childs* v. *Childs,* 293 Mass. 67, 70–71. Cf. *Finn* v. *Finn,* 348 Mass. 443, 445–447. The husband's one-half interest in the equity (on

the finding of the judge) will be worth $13,000. This may be applied, quasi in rem (see *Churchill* v. *Bigelow*, 333 Mass. 196, 198–200; Reed, Equity Pleading and Practice, § 73), in satisfaction pro tanto of the husband's liability to the wife for overdue support payments, for mortgage payments advanced, and (on account) by way of alimony. See *Klar* v. *Klar*, 322 Mass. 59, 60; *Dunnington* v. *Dunnington*, 324 Mass. 610, 612 (stating that powers of the court are broader with respect to alimony than in separate support proceedings) ; *Kahn* v. *Kahn*, 353 Mass. 771. The application may be without prejudice to a further order for additional alimony and support of children.

General Laws c. 208, § 34A (inserted by St. 1963, c. 415), like G. L. c. 183, §§ 43, 44 (as amended through St. 1937, c. 101, §§ 1, 2), may presuppose personal jurisdiction of the parties defendant, and thus be inapplicable. Accordingly, the Probate Court should appoint a special master to make any conveyance or sale which it may deem appropriate in applying quasi in rem the husband's interest in the locus in satisfaction of his obligations pro tanto. As the locus may afford the wife not only security but a place to live, the judge in his discretion may establish by decree a lien against the husband's interest in the locus for amounts now due, or to become due, to the wife and children and postpone sale of the locus so long as the wife desires to occupy it, making any adjustment in continued payments to her and the children appropriate in the circumstances.

4. There is no occasion to consider so much of the decree as awards the wife a divorce, for no argument has been made that it was improperly granted. We assume (without deciding) that this portion of the decree was stayed by the allowance of a stay on May 24, 1971.[3] On this assumption, the decree, so far as it relates to the decree nisi, is affirmed and the divorce is for all pur-

---

[3] The stay order perhaps is ambiguous as to its scope. G. L. (Ter. Ed.) c. 215, §§ 23, 24. See *MacNevin* v. *MacNevin*, 319 Mass. 719, 721–722; *Sloane* v. *Sloane*, 349 Mass. 318, 319.

poses to be treated as having become absolute. So much of the decree as deals with conveyance of the locus is reversed and that part of the case is remanded to the Probate Court for further proceedings. The Probate Court, so long as it may be deemed necessary, is to retain jurisdiction of the case for the determination of all matters in connection with alimony, support of children, and the application, quasi in rem, of the husband's interest in the locus in a manner consistent with this opinion. The wife is to have costs of appeal, which may be paid out of the application quasi in rem of the husband's interest in the locus or established as a lien against that interest.

*So ordered.*