ANN MARIE LEACH vs. ROBERT H. LEACH. June 2, 1976. The libellant, Ann Marie, was granted a decree nisi of divorce, with custody of their minor child, from her husband, Robert, on March 20, 1975. The libel was uncontested. On April 18, 1975, Ann Marie appealed from that part of the decree which ordered Robert, in effect, to reimburse the "Maynard Welfare Office" for "payments advanced by Welfare" to support Ann Marie and the child before making any payments to Ann Marie for the support of the child under a stipulation entered into by the parties. The appeal comes here without a transcript of evidence or findings of fact by the probate judge. In the circumstances all that is open is whether the decree could have been entered on the pleadings.

*Bannish* v. *Bannish,* 357 Mass. 279, 281 (1970). It appears from the face of the decree that the judge exceeded his authority in ordering that the Welfare Department (department) be reimbursed for support payments "advanced" *prior to the entry of the decree. Where, under* the provisions of G. L. c. 18, § 21, inserted by St. 1969, c. 855, § 12, on a petition for separate support or a libel for divorce, there is an outstanding order of support entered in a Probate Court, the department is subrogated to the rights of a recipient of support under that order and may initiate contempt proceedings where there is noncompliance with the order. In the absence of such an order the department is obliged to institute proceedings in a District Court under G. L. c. 273, § 1. However, we are not aware of any statutory or other authority conferred upon a Probate Court to enter a retrospective order of reimbursement to the department where, as in this case, the record does not reveal that the husband and father was under any prior order of support entered in that court applicable to the period during which payments were "advanced" by the department for the support of the wife or a child. That part of the decree ordering payments by the libellee is reversed. The case is remanded to the Probate Court for a hearing anew on the question of support for the minor child after further notice to both parties. If as a result of that hearing an order of support for the child is entered against Robert and it appears that Ann Marie is then receiving support for the child from the department, the court shall direct that notice of the order be given to the department.

*So ordered.*

*George P. Luker* for the libellant.