JEAN MERNIN *vs.* WILLIAM MERNIN. December 5, 1978. 1. The judge honored the request in the libel for divorce (complaint) that "an allowance be decreed to your [plaintiff] for the support of herself and [the] minor children" and the request in the plaintiff's financial statement (Rule 401 of the Probate Courts [1975]) for "child support" by ordering the defendant to pay the plaintiff $85.00 per week "for the support of the plaintiff and [the] minor children." It does not appear that the plaintiff had ever notified the defendant at any time prior to the hearing on the complaint that she intended to seek a conveyance of the defendant's interest in the marital residence (see XIV of the Uniform Practices of the Probate Court) or that any request for such a conveyance under G. L. c. 208, § 34 (as appearing in St. 1975, c. 400, § 33), was made of the judge at the hearing on the complaint. Accordingly, the plaintiff is in no position to argue on appeal (a) that she has "been denied her right to obtain the marital residence . . . without any legal redress on her part" or (b) that the judge erred in subjecting the defendant's interest in the residence to a receivership (see *Ainslie* v. *Ainslie, ante* 690, 693–694 [1978]) for the purpose of securing (i) the weekly payments due the plaintiff and (ii) the amounts to which the Department of Public Welfare might thereafter be subrogated under the provisions of G. L. c. 18, § 21, as appearing in St. 1969, c. 885, § 12. Contrast *Leach* v. *Leach*, 4 Mass. App. Ct. 812 (1976). 2. The order that the defendant not convey his interest in the residence was not a division of property which called for an explanation under *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 15-17 (1977). 3. Even if the judge had been advised (which has not been shown) that there was some kind of agreement between the parties that the defendant would convey his interest in the residence to the plaintiff upon the entry of a judgment *nisi*, no reason appears on this record why the judge would have been

Rescript Opinions.

obliged to honor the agreement. See *Surabian* v. *Surabian*, 362 Mass. 342, 347 (1972); *Salvesen* v. *Salvesen*, 370 Mass. 608, 610 (1976).

*Judgment affirmed.*

*James F. Lawton, Jr.*, for the plaintiff.