VIRGINIA L. BRADY vs. JAMES P. BRADY.

Middlesex.    February 14, 1979. — July 9, 1979.

Present: GRANT, ROSE, & DREBEN, JJ.

*Divorce*, Alimony. *Department of Public Welfare. Probate Court*, Judgment.

In a divorce proceeding, a Probate Court judge exceeded his authority
in ordering that future unpaid amounts of alimony and child sup-
port were to be applied against the husband's interest in the mari-
tal home to secure any amounts advanced to the wife by the Depart-
ment of Public Welfare but not reimbursed by the husband. [45-47]
In a divorce proceeding, a Probate Court judge erred in making an
award of alimony without making findings which indicated that he
had considered all the factors enumerated in G. L. c. 208, § 34. [47]

CIVIL ACTION commenced in the Probate Court for the
county of Middlesex on October 23, 1975.

The case was heard by *Martin, J.*

*John F. Corbett* for the plaintiff.

*Gerald Tutor* for the defendant.

*Carol A. Griffin & Jeffrey S. Ogilvie*, for the Depart-
ment of Public Welfare, amicus curiae, submitted a brief.

ROSE, J. On April 14, 1976, Virginia Brady (wife) was
granted a judgment of divorce nisi on the ground of deser-
tion in an uncontested divorce proceeding. The judgment
ordered James Brady (husband) to pay $63 per week to
the court to be forwarded to the Department of Public
Welfare (Department) as alimony and child support. Any
amounts not paid were to accumulate and were to attach
quasi in rem to the husband's interest in the parties'
marital domicil, owned by them as tenants by the entire-
ty. The court ordered that, if and when the marital home

should be sold, mortgaged, or otherwise disposed of "the Welfare Department shall be reimbursed from the proceeds of such disposition for all amounts advanced by the Welfare Department, but not reimbursed," to support the wife and child. The judge appointed a "[r]eceiver of defendant's interest in said real estate and Master to make such conveyance of defendant's interest therein for said purpose . . . ."

Both parties objected to the judgment, and filed appeals.[1] The wife appeals from that portion of the judgment which gives the Department a lien on the marital home. The husband appeals on the grounds that the court had no authority to create such a lien and that the support order in excess of his income was unreasonable. There is no transcript of evidence, and the judge made no findings of fact. The case is before us on the agreed statement of the case as the record on appeal, Mass.R.A.P. 8(d), 365 Mass. 851 (1974), from which we draw the facts presented in the course of this opinion.

At the time of the divorce proceedings the wife had been receiving public assistance for two and one-half years. She received $57 per week through the Aid to Families with Dependent Children program, and was earning $54.91 per week through part-time employment. The husband at that time was receiving $58 per week unemployment compensation and was paying $10 per week to the Department for support of his wife and child. The parties submitted a stipulation to the court providing for custody of their minor child, visitation rights, child support, and conveyance of the husband's interest in their marital home to the wife in lieu of alimony.[2] The

---

[1] The Department has submitted a brief as amicus curiae.

[2] The marital home had been purchased by the parties in March of 1972 for $22,900 with a down payment of $4,750, and they had executed a first mortgage of $18,300. At the date of the divorce hearing, the fair market value of the property was $24,000, and the principal balance owing on the mortgage was undisclosed.

judge rejected the provisions pertaining to alimony and child support. All other terms of the stipulation were incorporated in the judgment.

The judge advised counsel that he was in favor of having the wife and child continue to live in the marital home but noted that resort should be had to the husband's substantial equity in the home for support of the wife and child. Were the court to follow the proposed stipulation, "the fellow citizens of James and Virginia would be taxed to have the welfare department . . . continue to provide the funds to pay the mortgage, interest, principal, and taxes and the substantial equity which would eventually be realized would go to a party who had contributed nothing thereto." The judge advised counsel that he knew of no precedent, other than *Blitzer* v. *Blitzer*, 361 Mass. 780 (1972), for the order he was about to enter and that he would welcome an appeal by the parties in order that the law might be clarified.

1. However well intentioned the judge's action may have been, he exceeded his authority in ordering that future unpaid amounts of alimony and child support were to be applied against the husband's interest in the marital home to secure any amounts advanced by the Department but not reimbursed by the husband. Under G. L. c. 18, § 21, inserted by St. 1969, c. 885, § 12, the Department is subrogated to "rights to support and maintenance of any welfare recipient to the extent of any payments made by the department . . . ."[3] Under the pro-

---

[3] General Laws c. 18, § 21, inserted by St. 1969, c. 885, § 12, and as in effect at the time of the divorce proceeding, provided that:

"The department shall be subrogated to the rights to support and maintenance of any welfare recipient to the extent of any payments made by the department to such recipient. If no probate court order is outstanding, the department may, in its own name, initiate nonsupport proceedings in the appropriate probate court. The department shall institute contempt proceedings under the provisions of section thirty-four A of chapter two hundred and fifteen in the name of the recipient in the event that any order of support made by the probate court concerning any recipient under a petition for separate support

visions of the statute, it is incumbent upon the Department to initiate the procedures by which it shall obtain subrogation rights. See *Leach* v. *Leach*, 4 Mass. App. Ct. 812 (1976). Compare *Ainslie* v. *Ainslie*, 6 Mass. App. Ct. 692, 695, 696 (1978) (in which no question was raised as to the validity of such a lien), and *Mernin* v. *Mernin*, 6 Mass. App. Ct. 950 (1978) (in which this court did not reach the issue of the validity of such a lien). In the instant case no proceedings have been initiated by the Department either in the Probate Court or in a District Court under the provisions of G. L. c. 18, § 21.

We are not aware of any statutory or other authority granting a Probate Court the power to enter an order establishing, in effect, a lien in favor of the Department on the property interest of a party to divorce proceedings, where the Department is not a party to the action and where it has not instituted any action or proceedings in any court to establish its rights of subrogation. The judge's reliance on *Blitzer* v. *Blitzer, supra,* as authority for the order which he entered appears to be misplaced. In that case the court held that there was no jurisdiction in the Probate Court to enter a personal decree against a nonresident husband requiring him to convey his interest in the marital home to the wife. The Probate Court did nevertheless have the power, by a decree quasi in rem, to subject the husband's interest in the Massachusetts real

---

or a libel for divorce has not been complied with. If no probate court order is outstanding, the department shall in its own name apply for a complaint and initiate nonsupport proceedings in the appropriate district court under section one of chapter two hundred and seventy-three."

See now G. L. c. 18, § 21, as appearing in St. 1977, c. 925. The 1977 act amended the second sentence of the statute by authorizing the Department to seek to obtain a Probate Court order on any outstanding libel for divorce or petition for separate support, to the extent of any aid which may have been authorized by the Department, and added a provision authorizing the Department to seek to obtain modification of any existing court order, to the extent of any aid which may have been authorized by the Department.

estate to a valid claim by the wife for alimony. Reversing the decree, the court stated that the probate judge could establish a lien on the husband's interest in the marital home for amounts then due or to become due to the wife and children, and could appoint a master to make any conveyance deemed appropriate in applying quasi in rem the husband's interest in the marital home in satisfaction of his obligations. *Id.* at 782-784. The *Blitzer* decision does not stand as authority for the proposition that a Probate Court may impose a lien sua sponte on a spouse's interest in real estate for amounts which may become due to a third party, such as, in the instant case, the Department.

The parts of the judgment which order payments by the husband to be forwarded to the Department, and which order unpaid amounts to accumulate and to attach quasi in rem to the husband's interest in the marital home to secure the Department must be reversed.

2. The Probate Court's power to make awards of alimony is completely statutory. See *Baird* v. *Baird*, 311 Mass. 329, 331 (1942). General Laws c. 208, § 34, as appearing in St. 1977, c. 467, governs a Probate Court's power to order alimony and to make an assignment of property in divorce proceedings, and requires a judge to consider all the factors enumerated therein. The judge must make findings which clearly indicate that he has weighed all the statutory considerations. *Bianco* v. *Bianco*, 371 Mass. 420, 423 (1976). *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 14-16 (1977), *S.C.*, 7 Mass. App. Ct. 672, 674-675 (1979). *Moran* v. *Moran*, 5 Mass. App. Ct. 787, 788 (1977). On the record before us, there is no indication that the judge did so.

So much of the judgment as awards a divorce to the wife is affirmed. The balance of the judgment is reversed, and the case is remanded to the Probate Court for further proceedings not inconsistent with this opinion including a new hearing on the issues of alimony and child support. The Department is to be given notice of all further proceedings in this action.

*So ordered.*