ROBERT A. SILVIA vs. DIANE M. SILVIA.

Plymouth. December 14, 1979. — March 5, 1980.

Present: ARMSTRONG, PERRETTA, & DREBEN, JJ.

*Divorce*, Child support, Modification of decree.

In a proceeding for modification of a support order in a divorce decree, the judge erred in excluding evidence as to the assets and income of the mother. [340-342]

In a proceeding for modification of a support order in a divorce decree, the judge did not err in admitting evidence as to the income of the father's present wife. [342-343]

LIBEL for divorce filed in the Probate Court for the county of Plymouth on July 3, 1973.

A motion for modification was heard by *Murphy*, J.

*Robert Silvia*, pro se.

DREBEN, J. Robert A. Silvia (husband) appeals from a judgment entered on his motion for modification which, inter alia, orders him to make certain payments to Diane M. Silvia (Diane) for the support of their minor children. The only questions[1] before us are whether the trial judge erred in precluding cross-examination relating to Diane's income and assets and in permitting testimony relating to the income of the present Mrs. Silvia. We hold that the judge erred in excluding examination as to Diane's resources but did not err in allowing evidence of the income of the husband's present wife.

---

[1] The husband appeared before the Appeals Court pro se. The record is insufficient for us to review the judgment insofar as it relates to the denial of his motion for summary judgment, his motion for costs, or his motion for revocation of a suspended sentence imposed in 1977. Since the husband's complaint for contempt was continued generally and since Diane's complaint for contempt was continued for review at a later date, there is no final judgment before us relating to these complaints.

The governing statute for the care and maintenance of minor children after divorce is G. L. c. 208, § 28, as last amended by St. 1976, c. 279, § 1. Section 28, set forth in the margin,[2] in relevant part provides that a court may from time to time "revise and alter" its judgment or "make a new judgment, as the circumstances of the parents and the benefit of the children may require." The statute refers to the "circumstances of the parents" and not the circumstances of the male parent. "This means the court must look at the circumstances of the mother as well as the father . . ." *Hursh* v. *Hursh,* 26 Ill. App. 3d 947, 950 (1975) (similar statute containing term "circumstances of the parties"). See also *Birge* v. *Simpson,* 280 So. 2d 482, 483 (Fla. App. 1973).

Since the statute treats each parent alike and is unambiguous in this respect, there is no need to resort to legislative history. *Rice* v. *Rice,* 372 Mass. 398, 400 (1977). Moreover, while § 28 first appeared in somewhat different form in St. 1820, c. 56, § 1, thus predating many of the other gender neutral provisions of Massachusetts domestic relations law, it is not to be construed in terms of the rules of child support applicable in former periods, rules which, we note, were not wholly clear. See e.g. *Dumain* v. *Gwynne,* 10 Allen 270, 272 (1865); *Gleason* v. *Boston,* 144 Mass. 25, 27-29 (1887); *Tornroos* v. *R. H. White Co.,* 220 Mass. 336, 342-343 (1915). The statute is now an integral part of a

---

[2] "Upon a judgment for divorce, or an action of either parent, or of a next friend in behalf of the children, after notice to both parents after such judgment, the court may make such judgment as it considers expedient relative to the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain, or may award their custody to some third person if it seems expedient or for the benefit of the children; and afterward may from time to time, upon the action of either parent, or of a next friend, revise and alter such judgment or make a new judgment, as the circumstances of the parents and the benefit of the children may require. The court may make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance."

comprehensive statutory[3] and common law pattern which places marital and parental obligations on both husband and wife. See *Feinberg* v. *Diamant,* 378 Mass. 131, 135, 136 (1979). See also *Knox* v. *Remick,* 371 Mass. 433, 437 (1976); *House* v. *House,* 368 Mass. 120 (1975). When viewed in this context, there is no question that G. L. c. 208, § 28, imposes a duty of child support on the wife as well as on the husband. See *Wyman* v. *Wyman,* 3 Mass. App. Ct. 358, 360 (1975).[4] There is nothing in G. L. c. 208, § 28, which supports the conclusion of the trial judge that a mother is

---

[3] *Duties as to children.* Both parents have a duty to support their children. G. L. c. 117, § 9, as appearing in St. 1974, c. 787, § 1. G. L. c. 273, § 1, as appearing in St. 1977, c. 848, § 2. G. L. c. 273, § 4, as appearing in St. 1977, c. 848, § 3. G. L. c. 273, § 8, as amended through St. 1960, c. 791. The power of the court to order either parent to support children continues after the parents are separated, G. L. c. 209, § 37, as amended through St. 1976, c. 279, § 2, and also pending a divorce. G. L. c. 208, § 20, as last amended by St. 1977, c. 609, § 3. The statute cited in the text of this opinion, G. L. c. 208, § 28, provides for such orders after divorce. Both parents have a duty to support their illegitimate children. G. L. c. 273, § 15, as appearing in St. 1977, c. 848, § 6. They are both liable for certain willful acts of children in their custody. G. L. c. 231, § 85G, inserted by St. 1979, c. 172.

*Duties as to spouse.* Each spouse has a duty to support the other and may bring an action against the other for support and the support of minor children whether or not the spouses are living apart. G. L. c. 209, § 32, as last amended by St. 1977, c. 984, § 1. While an action for divorce is pending, payment can be ordered to either spouse for the other's support as well as for child support. G. L. c. 208, § 17, as appearing in St. 1975, c. 400, § 21. After divorce, alimony or a portion of the estate of either spouse may be awarded to the other, G. L. c. 208, § 34, as appearing in St. 1977, c. 467, and an award of alimony or an annual allowance for the spouse or children may be revised upon an action for modification brought by either party. G. L. c. 208, § 37, as appearing in St. 1977, c. 495.

[4] Other States have imposed such a duty based on common law, e.g., *Picht* v. *Henry,* 252 Iowa 559, 562 (1961), or statutory law, e.g., *Muldrow* v. *Muldrow,* 61 Cal. App. 3d 327, 333 (1976); *Moezie* v. *Moezie,* Superior Court of District of Columbia, Family Division, No. D 3535-71 (1973), reproduced in Davidson, Ginsburg & Kay, Sex-Based Discrimination 250-255 (1974); *Birge* v. *Simpson,* 280 So. 2d 482, 483 (Fla. App. 1973); *Hursh* v. *Hursh,* 26 Ill. App. 3d 947, 950 (1975); *Petition of Quintana,* 83 N.M. 772, 774 (1972); *Lord* v. *Lord,* 96 Misc. 2d 434, 437 (N.Y. Sup. Ct. 1978); *Hill* v. *Hill,* 40 Ohio App. 2d 1, 5 (1973).

liable for support of minor children only if the father fails or is unable to provide for their support. Accordingly, Diane's assets and income, if any, must be considered in assessing the husband's petition for modification. Since the duties of child support prescribed by the statute are fully consistent with the Equal Rights Amendment,[5] we need not consider the effect of that amendment[6] or of other constitutional provisions. See *Commonwealth* v. *Mackenzie,* 368 Mass. 613, 615-618 (1975). See also *Orr* v. *Orr,* 440 U.S. 268 (1979).

The husband also argues that the judge should not have admitted evidence as to his present wife's income. The admission was proper. Although a second marriage does not relieve a spouse of marital and parental obligations, *O'Brien* v. *O'Brien,* 325 Mass. 573, 576 (1950); *Pemberton* v. *Pemberton, ante* 9, 13 (1980), and although a second husband or wife does not share the duty to obey a support order directed toward the other spouse, see *Krokyn* v. *Krokyn,* 378 Mass. 206, 215 (1979), the income and assets of second spouses are part of the circumstances relevant to the ability of parents to use their own resources to contribute to the support of their children. *Birge* v. *Simpson,* 280 So. 2d 482, 483 (Fla. App. 1973). *Aura* v. *Aura,* 342 So. 2d 1200, 1201 (La. App. 1977). See *Smith* v. *Smith,* 13 Wash. App. 381, 386 (1975) (community property State).

While we do not decide what circumstances other than the resources of the parties are to be taken into account, we note that in the cognate situation of separate support where the term "circumstances of the parents" is also used, the Legislature has provided extensive but not exclusive guide-

[5] Article 106 of the Amendments to the Constitution of the Commonwealth, adopted November, 1976, amending art. 1 of the Declaration of Rights.

[6] There are numerous cases which have found, based on such an amendment, an equal duty of support on the mother. See generally Kurtz, The State Equal Rights Amendments and Their Impact on Domestic Relations Law, 11 Fam. L.Q. 101, 143-146 (1977-1978), and cases cited. See also *Rand* v. *Rand,* 280 Md. 508, 516 (1977).

Silvia *v.* Silvia.

posts.  See the third and fourth paragraphs of G. L. c. 209, § 32, inserted by St. 1977, c. 984, § 1.[7]

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[7] These two paragraphs provide:

"In determining the amount of a support order, if any, to be made, the court shall consider, but is not limited to, the following factors, to the extent pertinent and raised by the parties:  (a) the net income, assets, earning ability, and other obligations of the obligor;  (b) the number and ages of the persons to be supported; (c) the expenses incurred by the obligor and the persons to be supported for the necessities of life, and the usual standard of living of the persons to be supported; (d) the assets and net earnings, including a deduction for the provision for child care, of the persons to be supported; (e) the marriage or remarriage of any person being supported; and (f) the capacity of any person being supported or having custody of supported children, except persons under eighteen years of age, to work or to make reasonable efforts to obtain employment, including the extent of employment opportunities in fields in which such person is suited for employment, the necessity for and availability to said person of job training programs, and the extent to which said person is needed during business hours by members of the family and the availability to said person of child care services and the extent to which such person needs to attend school to obtain skills necessary for employment.

"No order shall leave an obligor with less money than is required to provide him minimum subsistence, including food, shelter, utilities, clothing and the reasonable expenses necessary to travel to or obtain employment."