DONNA M. TALBOT vs. THOMAS R. TALBOT.

Middlesex. March 29, 1982. — April 22, 1982.

Present: BROWN, ROSE, & DREBEN, JJ.

*Divorce and Separation*, Alimony, Modification of judgment. *Res Judicata.*

A probate judge erred in dismissing a former wife's complaint for alimony
    brought more than eight years after the divorce judgment, which con-
    tained no order as to alimony, where it appeared that there was a
    material change of circumstances since the entry of the earlier judg-
    ment, including the husband's greater income and the increased sever-
    ity of the wife's mental illness. [458-460]

LIBEL for divorce filed in the Probate Court for the coun-
ty of Middlesex on March 15, 1971.

A complaint seeking modification, filed on January 10,
1980, was heard by *Sweeney*, J.

*Paul R. Collier, III* (*Robin T. Locke* with him) for Donna
M. Talbot.

*Edward M. Mahlowitz* for Thomas R. Talbot.

DREBEN, J. Donna M. Talbot (wife) appeals from a dis-
missal of her complaint for alimony brought more than eight
years after the divorce judgment. We reverse.

The parties were married in 1965, had two children, and
were divorced in November, 1971. The wife's complaint
for divorce brought in March, 1971, sought alimony, custody
and child support. Although her other prayers were grant-
ed, there was no order as to alimony in the November, 1971,
divorce decree.[1] In 1972, pursuant to a petition for modifi-
cation, assented to by the wife, the husband obtained cus-

---

[1] Prior to the effective date of the Mass.R.Dom.Rel.P., July 1, 1975, the
word "decree" was used, rather than "judgment."

tody of the two minor children. There were other modifications not material here which related to visiting rights.

In 1980, the wife filed a complaint seeking alimony for the first time since the divorce decree. The husband moved to dismiss and after a hearing a judge of the Probate Court dismissed the wife's complaint.

The judge's findings and the uncontroverted testimony set forth the comparative needs and the status of the parties. The wife's resources are minimal. She suffers from mental illness which occasioned her hospitalization four times prior to the parties' separation in June, 1970, and eighteen to twenty times since the divorce. She lives in a public housing project and her only sources of income are eighty-four dollars a week Supplemental Security Income (because of her disability), 42 U.S.C. § 1381 et seq. (1976 & Supp. III 1979), and about twenty-five dollars a week from her occasional employment as a nurse's aid. She has no assets. She has incurred liabilities of over one thousand dollars, consisting of six hundred dollars due a furniture company, one hundred fifty dollars in electric bills and three hundred and twenty five dollars in overdue gas bills.

The wife has a high school diploma and, at the time of the hearing in February, 1981, was a full time student, working towards a Bachelor of Arts degree at the University of Massachusetts. The judge found that "her employability will be significantly enhanced upon the acquisition of a college degree." He also found that her ability to work may be limited at times because of her mental illness, and that, in light of her "limited vocational skills," she "has no opportunity for the acquisition of assets in the future." In discussing the conduct of the parties during the marriage, the judge found that in August, 1971, while the divorce was pending the wife had a child by another man and that she gave birth to yet another child in 1975.[2]

---

[2] Counsel on appeal indicated that neither of these children lives with the wife. We note that the birth of the second child in 1975 is of no relevance as it occurred after the marriage was terminated. See *Zildjian* v. *Zildjian*, 8 Mass. App. Ct. 1, 18 (1979), and G. L. c. 208, § 34. The con-

The husband, a computer analyst, grosses over $35,000 a year and is in good health. At the time of the divorce he was earning $12,000 a year. He remarried in 1980 and now lives with the two children from his marriage with the plaintiff and two children of his present wife. The judge found that the husband owns a house with a fair market value of $57,900, subject to a mortgage of $55,900. The judge also found that he has the opportunity to acquire assets in the future. Although no evidence of the second wife's income was adduced, the judge concluded that the husband supports his new wife and four children.

After discussing the income and assets of both parties, the judge found "that the wife is capable of meeting her usual needs without support from the husband." This finding is clearly erroneous. It is obvious that the wife is unable to live on the twenty-five dollars a week she earns on her own. She is heavily in debt and cannot make ends meet even with the eighty-four dollars of Supplemental Security Income.

In addition, the judge's conclusion is based on error of law. Although, as he correctly noted, a judge has broad discretion in devising a judgment and in assigning weight to the various criteria set forth in G. L. c. 208, § 34, a judge may not ignore the policy expressed in our cases which "protects the public from the burden of assuming the support obligations of [a] . . . spouse who is able to pay." *Brady* v. *Brady*, 380 Mass. 480, 485 (1980). *O'Brien* v. *O'Brien*, 325 Mass. 573, 578 (1950). That policy is a strong one. Thus, even a fair and reasonable separation agreement will not be enforced so as "to impose support obligations on the taxpayers." *Knox* v. *Remick*, 371 Mass. 433, 437 (1976). *Stansel* v. *Stansel*, 385 Mass. 510, 515 (1982). Accord, *Osborne* v. *Osborne*, 384 Mass. 591, 599 (1981) (antenuptial agreement). The judge here made no finding, and none can be inferred

---

ception and birth of the first child in August, 1971, has only technical relevance as the husband had left the marital home in June, 1970, and for all intents and purposes, the marriage was then over "in any real sense." Cf. *Zildjian* v. *Zildjian, supra* at 5.

from the record before us, that the husband is unable to contribute anything to the wife's support.

There is no other sufficient reason in the record before us which can support the judge's conclusion to dismiss the wife's complaint. If, as the husband urged in his motion to dismiss, the judge based his dismissal on the wife's giving birth to two children out of wedlock, reliance on this ground in the case of this sick woman, now or about to be a public charge, was erroneous. Even if one of the children was conceived "during the marriage," see note 2, *supra*, alimony may not be denied because of marital infidelity alone in the circumstances just outlined. "Whether the petitioner was at fault or not is not decisive." *O'Brien* v. *O'Brien*, 325 Mass. at 577. See *Singer* v. *Singer*, 8 Mass. App. Ct. 113, 120 (1979), and cases cited. The financial exigencies of the wife require relief in this case if the husband is able to contribute.

On appeal the husband urges that the judge was correct in dismissing the wife's petition because, under principles of issue preclusion (res judicata), the 1971 decree bars the wife's claim. The husband, however, does not argue that all the matters upon which the wife now relies were adjudicated in the prior divorce hearing. He does not deny that there has been "a material change of circumstances since the entry of the earlier judgment." *Stansel* v. *Stansel*, 385 Mass. at 515, quoting from *Schuler* v. *Schuler*, 382 Mass. 366, 368 (1981). Not only has the husband's income nearly tripled, but the wife's mental illness appears significantly more severe. These factors may be "sufficient to turn the scales" in her favor. *Whitney* v. *Whitney*, 325 Mass. 28, 32-33 (1949). See also *O'Brien* v. *O'Brien*, 325 Mass. at 577.

We recognize that it is most troublesome to impose additional burdens on a husband long after he reasonably believed he was free of obligation to his former wife, especially where he has voluntarily shouldered full responsibility for his children because of the wife's illness. We see, however, no legislative intent to limit the husband's liability. See generally Clark, Law of Domestic Relations § 14.4, at 433-

434 (1968). The language of G. L. c. 208, § 34, as appearing in St. 1975, c. 400, § 33, permits a petition for alimony to be brought "at any time after a divorce."[3] It does not matter, if circumstances now warrant an award, "that there was no award of alimony in the original decree of divorce." *Kinosian* v. *Kinosian*, 351 Mass. 49, 52 (1966). See also *Brown* v. *Brown*, 222 Mass. 415, 416-417 (1916). Just as G. L. c. 208, § 37, gives a judge authority when circumstances change to modify an existing award or to award alimony anew when a previous award has expired (*Smith* v. *Smith*, 190 Mass. 573, 575 [1906]; *O'Brien* v. *O'Brien*, 325 Mass. at 576-577), G. L. c. 208, § 34, gives a judge authority to make an award when circumstances change even if no award was made at the time of the divorce. "Alimony, like the custody of children, . . . is a matter which from its very nature cannot be finally disposed of." *Smith* v. *Smith*, 190 Mass. at 575.

Accordingly, the judgment is reversed and the case is remanded to the Probate Court for further proceedings consistent with this opinion. Since more than a year has passed since the time of the hearing, evidence should be presented concerning the current needs, obligations and resources of both the husband and the wife. See *Meghreblian* v. *Meghreblian, post* 1021, 1022 (1982). In determining the amount of alimony, if any, to be paid by the husband, the judge may consider the consequences, if any, of the delay in the wife's claim, such as the obligations, if any, incurred by the husband prior to the wife's complaint, in the reasonable belief that because of the passage of time he would not be further obligated on her account. See *Bullock* v. *Zeiders*, 12 Mass. App. Ct. 634, 637 (1981); *Spiliotis* v. *Campbell, ante* 189, 190 (1982). See also *Brown* v. *Brown*, 222 Mass. at 416,

---

[3] See Lombard, Family Law § 2051, at 210 n.1, third par. (1979 Supp.), where the author criticizes the statute and suggests that the Legislature should amend the statute to impose a time limit so as to conclude the rights of both parties within a definite time. See also Clark, *supra* at 433, for jurisdictions having a contrary policy.

418.  Subject to the limitations expressed in *Silvia* v. *Silvia*, 9 Mass. App. Ct. 339, 342 (1980), the judge should also consider, in view of the enlarged membership of the husband's household, the income, assets, and obligations of his present wife.

*So ordered.*