MARY A. DEMETER *vs.* GEORGE P. DEMETER.   October 27, 1983. *Divorce and Separation*, Alimony, Judgment.

The defendant has appealed from the judgment which has been entered by a Probate Court following the further proceedings required by the rescript in 9 Mass. App. Ct. 860 (1980) and by which the defendant was ordered to convey to the plaintiff the entire undivided interest in the fee in the property in question and to pay the plaintiff the entire net income of the property for the years 1973 through 1980.  1.  The judge appears (a) to have reasoned that, but for the fraud perpetrated by the defendant, the plaintiff would have been in a position to request that the property be conveyed to her as alimony under G. L. c. 208, § 34, as in effect prior to St. 1974, c. 565 (see *Topor* v. *Topor*, 287 Mass. 473, 474-475 [1934]; *Blitzer* v. *Blitzer*, 361 Mass. 780, 783-784 [1972]; *Ober* v. *Ober*, 1 Mass. App. Ct. 32, 34-35 [1973]), and (b) to have concluded that such a request would "probably" have been granted.  The difficulties with the reasoning and conclusion are that, on this record, it is entirely speculative whether such a request would have been made and whether, if made, it would have been granted.  The vulnerability of the "probably" conclusion becomes even more apparent once it is understood that the record fails to disclose the alimony provisions of the 1972 decree nisi, with the result that the relief fashioned by the judge may be at odds with those provisions.  Indeed, that relief may even result in an unwitting and unwarranted multiplication of the defendant's alimony obligations.  2.  The order that the defendant pay the plaintiff the entire net income from the operation of the property during the period 1973 through 1980 is a logical corollary of the order for the conveyance of the entire undivided interest in the fee but is necessarily subject to all the frailties considered in part 1 hereof.  3.  On this record, the plaintiff is not entitled to anything more than a conveyance of an undivided one-half interest in the property, together with an award of half the net income from the operation of the property since 1973, which are all the plaintiff prayed for in the amended complaint on which the case has twice been tried.  See *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 490 (1927); *Blitzer* v. *Blitzer*, 361 Mass. at 783; *Gleason* v. *Galvin*, 374 Mass. 574, 576 (1978); *West* v. *First Agricultural Bank*, 382 Mass. 534, 536 n.4 (1981).  There is nothing in *Asker* v. *Asker*, 8 Mass. App. Ct. 634, 637-639 (1979), which avails the plaintiff anything at this juncture.  4.  The judgment entered on January 13, 1982, is reversed, and the case is to stand for a still further hearing in the Probate Court for the purpose of an accounting of the net income of the property from the end of 1980 to the date of the hearing, and for the entry of a new judgment which awards the plaintiff half the net income since 1973 and orders the defendant to convey to the plaintiff an undivided one-half interest in the property as a tenant in common with the defendant, subject to any existing mortgages; the judgment is to provide on its face that it is entered without prejudice to the right of either party to

commence and maintain proceedings under G. L. c. 241; neither party is to have counsel fees or costs on this appeal.

*So ordered.*

*Irving M. Smolker* for the defendant.
*George C. Deptula (Richard D. Clarey* with him) for the plaintiff.