JUDITH A. CHERRINGTON vs. JERRY D. CHERRINGTON.

Worcester.   November 9, 1988. — March 9, 1989.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Divorce and Separation*, Modification of judgment, Alimony.

A wife's request for alimony made after the entry of the divorce judgment, which did not address the matter of alimony, was to be considered and treated as a request under G. L. c. 208, § 34, for an original award of alimony, rather than a request for modification under G. L. c. 208, § 37. [269-270]

Where the question of alimony had not been litigated in divorce proceedings, the wife, when presenting her initial request for alimony, was not required to demonstrate that a material change in circumstances had occurred since the entry of the divorce judgment. [270-271]

Where the record of proceedings in the Probate Court on an initial request for alimony did not demonstrate that the judge considered all the factors under G. L. c. 208, § 34, relevant to a determination of the amount of alimony to be paid by the husband, the case was remanded for a new hearing. [271-272]

COMPLAINT for divorce filed in the Worcester Division of the Probate and Family Court Department on February 3, 1981.

A complaint for modification filed on November 13, 1986, was heard by *William J. McManus*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard D. Packenham* for Jerry D. Cherrington.

*Sandra J. Lamar* for Judith A. Cherrington.

LIACOS, J. In reviewing the former husband's (husband's) appeal from a modification judgment ordered by a judge in the Probate and Family Court, we decide that the former wife's (wife's) initial request for alimony, filed after the entry of the divorce judgment, should have been brought under, and treated as a request pursuant to, G. L. c. 208, § 34 (1986 ed.); that she did not have the burden of demonstrating a change in

circumstances; and that the record does not show that the judge considered all of the statutory factors. We remand the matter for a new hearing.

1. *Background.* The parties were married in 1957 and were divorced in 1982. Three of their five children were then unemancipated, and the husband was ordered to pay child support in the amount of $125 a week. The judgment did not provide for the payment of alimony or for an assignment of marital assets.[1] During the ensuing years the Probate Court was required to clarify the duration of the order and to determine amounts then due as child support.

In November, 1986, the wife filed a complaint for modification, stating that the husband's income had "greatly increased," and requesting increased child support payments, "some health . . . pension and retirement benefits," and alimony. On April 21, 1987, the day of the hearing on the complaint for modification, the wife filed, without objection from the husband, a complaint for alimony alleging that both her needs and the husband's income had increased.[2] At the hearing, the judge ruled that evidence pertaining to the division of the marital estate under G. L. c. 208, § 34, was "no longer valid."[3] Thus, the wife was required to focus her case on events subsequent to the entry in 1981 of the judgment of divorce nisi. After the hearing, the judge ordered, in a modification judgment entered that day, that the 1981 judgment be modified to provide that the husband pay alimony of $150 a week, in addition to the $125 a week in child support; that the alimony become $200 a week when the child support ceases; and that the alimony continue until the death of either party. The judge denied the husband's subsequent motion to vacate and for leave to introduce further evidence, and his motion to stay the order.

---

[1] The judgment of divorce nisi also provided for the placement of $2,400 in escrow to pay any taxes due because of the sale of the marital residence, and for payment to the wife of any balance.

[2] The judge prefaced his findings of fact with a statement that the complaint was filed immediately before trial with defense counsel's assent.

[3] The wife concedes that the judge excluded any consideration of factors under G. L. c. 208, § 34. However, she has taken no appeal.

The husband appealed from the modification judgment, and we transferred the case from the Appeals Court on our motion.

The husband's primary arguments are that the judge erred in: (1) entering a modification judgment providing for an award of alimony when the divorce judgment did not address the matter of alimony; (2) failing to consider all the criteria of G. L. c. 208, § 34; (3) not determining whether there had been a material change in the parties' circumstances since the divorce; (4) making findings not supported by the evidence; and (5) adopting the proposed conclusions of law and most of the findings submitted by the wife, without demonstrating the requisite personal analysis of them. For the reasons set forth below, we reverse the modification judgment and remand the matter for a new hearing.

2. *The request for alimony.* The parties do not indicate that alimony was an issue in the divorce proceedings, and the judgment of divorce nisi does not mention alimony. We assume, therefore, that, when the judge acted on the wife's request now at issue, he considered the matter for the first time. Thus, the wife's request for alimony, made after the entry of the divorce judgment, should have been a separate one to be considered under G. L. c. 208, § 34, rather than part of a request for a modification to be reviewed under G. L. c. 208, § 37.[4]

---

[4] The relevant portion of G. L. c. 208, § 34 (1986 ed.), provides: "Upon divorce or upon a complaint in an action brought at any time after a divorce, whether such a divorce has been adjudged in this commonwealth or another jurisdiction, the court of the commonwealth, provided there is personal jurisdiction over both parties, may make a judgment for either of the parties to pay alimony to the other. In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other. In determining the amount of alimony, if any, to be paid, or in fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit."

General Laws c. 208, § 37 (1986 ed.), provides: "After a judgment for

See *Kinosian* v. *Kinosian*, 351 Mass. 49, 51-52 (1966). Nevertheless, the appropriate portion of the complaint should have been treated by the judge as a petition for an original award of alimony under § 34. See *Baird* v. *Baird*, 311 Mass. 329, 331-333 (1942).[5] Moreover, on the day of the hearing the wife filed a separate complaint for alimony which the husband concedes should "cure the technically improper complaint for modification . . . ." Therefore, the judge had before him an initial request for alimony, one to be considered in accordance with G. L. c. 208, § 34.

3. *The wife's burden.* We next explain our rejection of the husband's argument that the wife, in seeking a postdivorce award of alimony, had a dual burden: to show a material change of circumstances since the original divorce judgment, which was silent concerning alimony, and to introduce evidence on all the factors specified in G. L. c. 208, § 34.

We do not read § 34 as imposing a burden of showing a material change of circumstances in this case. We have stated, however, that no *modification* can be made unless the moving party shows a change of circumstances since the entry of the earlier decree. *Robbins* v. *Robbins*, 343 Mass. 247, 249 (1961). The basis for the rule is that the parties have had their day in court, and the issue ought not be *relitigated* unless there has been a change of circumstances. *Id.* We assume that the question of alimony was not litigated in the divorce proceedings and, following the *Robbins* rationale, we do not require the wife to demonstrate a material change in circumstances when presenting her initial request for alimony.[6] The husband's re-

---

alimony or an annual allowance for the spouse or children, the court may, from time to time, upon the action for modification of either party, revise and alter its judgment relative to the amount of such alimony or annual allowance and the payment thereof, and may make any judgment relative thereto which it might have made in the original action."

[5] The wife admits that our cases so indicate.

[6] It is conceivable that a husband or a wife might not request alimony during a divorce proceeding, either because of a personal preference not to do so or because of a hope that it would not be necessary. Nevertheless, subsequent experience, even in the absence of a change in the circumstances

liance on the statement in *Talbot* v. *Talbot*, 13 Mass. App. Ct. 456, 460 (1982), that "G. L. c. 208, § 34, gives a judge authority to make an award when circumstances change even if no award was made at the time of the divorce," is not persuasive. We do not read that statement as precluding a post-divorce award where alimony is considered· for the first time, in the absence of a change of circumstances. Indeed, the holding in *Talbot* works against the husband's argument for the court in that case made clear on similar facts that an initial claim for alimony may be brought at any time "after a divorce" pursuant to G. L. c. 208, § 34. *Id.*[7]

Additionally, we do not focus on whether the wife introduced evidence on all the factors mentioned in § 34. We concentrate instead on whether the judge made findings indicating that he considered all factors relevant under § 34 and did not consider any irrelevant ones. See *Bowring* v. *Reid*, 399 Mass. 265, 267 (1987), and cases cited. The husband cites *Brady* v. *Brady*, 8 Mass. App. Ct. 43, 47 (1979), to support his statement that the wife had the burden of producing evidence on all the factors. We read that portion of the *Brady* opinion, however, as high-lighting the judge's obligation to consider all the statutory

of either party, might prompt a request for alimony. If we adopt the husband's argument, such a request would be doomed to fail. We do not choose to establish an incentive to a husband or a wife to request alimony during divorce proceedings simply to protect himself or herself should experience later persuade him or her (even if not able to establish changed cir-cumstances) that alimony is appropriate. We do not believe that, if alimony is not requested during the divorce proceedings, we should automatically assume that it was not warranted in the circumstances or hold that each party has waived all opportunity to demonstrate that it was then warranted.

[7] We agree with the statement of the Appeals Court concerning a late claim of alimony: "In determining the amount of alimony, if any, to be paid by the husband, the judge may consider the consequences, if any, of the delay in the wife's claim, such as the obligations, if any, incurred by the husband prior to the wife's complaint, in the reasonable belief that because of the passage of time he would not be further obligated on her account. . . . Subject to the limitations expressed in *Silvia* v. *Silvia*, 9 Mass. App. Ct. 339, 342 (1980), the judge should also consider, in view of the enlarged membership of the husband's household, the income, assets, and obligations of his present wife." *Talbot, supra* at 460-461.

factors and to make findings clearly indicating that he has weighed all the statutory considerations.

4. *The statutory criteria.* After reviewing the judge's findings, we conclude that the record does not show beyond doubt that the judge considered all the statutory factors. See *Bianco* v. *Bianco*, 371 Mass. 420, 423 (1976). We do not have before us a finding concerning the conduct of the parties.[8] Of considerable significance to an award of alimony is the "estate" of each party. Although the judge found that the wife does not have retirement funds, he did not include a finding concerning the husband's "estate" or one based on the wife's admission that she will receive $10,000 on her mother's death and that each of her children will receive another amount, possibly larger. We have recently stated that a judge's reasons for his conclusions must be apparent in his findings and rulings, and any failure to consider and explain the effect of an important fact may require reversal of the judgment in order to permit consideration and explanation of the omitted subject. *Redding* v. *Redding*, 398 Mass. 102, 108 (1986). See *First Pa. Mortgage Trust* v. *Dorchester Sav. Bank*, 395 Mass. 614, 621 (1985). A new hearing must be held. As a result, we need not reach the husband's arguments that some of the findings are "not supported by evidence introduced at the trial or involve extended assumptions based on a small item of actual evidence."

5. *Remand.* The modification judgment is reversed, and the matter is remanded for a new hearing. The wife's request for alimony is to be treated as one for an original award brought pursuant to G. L. c. 208, § 34. *Baird* v. *Baird*, 311 Mass. 329, 333 (1942). The court is to consider the factors in § 34 for the period of the marriage and for the period thereafter through April 21, 1987, the date of the original hearing on alimony. Alimony, if awarded, is to run from April 21, 1987, the date of the modification judgment. See *Kinosian* v. *Kino-*

---

[8] The weight to be accorded the factors is committed to the judge. See *Ross* v. *Ross*, 385 Mass. 30, 37 (1982), citing *Rice* v. *Rice*, 372 Mass. 398, 400-401 (1977).

*sian*, 351 Mass. 49, 52 (1966). If alimony is awarded, a sepa-
rate judgment is to be entered. See *Baird* v. *Baird, supra.* In
the interests of fairness and judicial economy, the judge may,
if requested, consider evidence of changes in circumstances
since April 21, 1987.

The husband does not challenge those aspects of the modifi-
cation judgment which pertain to child support. A separate
judgment encompassing them, as of April 21, 1987, is to be
entered forthwith. Accordingly, the judgment is reversed and
the case is remanded to the Probate and Family Court for
further proceedings consistent with this opinion.

*So ordered.*