BARBARA L. NEWMAN *vs.* SHELDON NEWMAN. June 9, 1981. This is the husband's appeal from a judgment of contempt for failure to pay alimony

to the wife. He was sentenced to serve a thirty-day term at a house of correction if he should not make full payment of the arrearages of $1,754.46 within a specified period of time. The husband's cross complaint for modification had been consolidated for hearing with the complaint for contempt; the request for modification was denied at the time of the contempt adjudication, but no judgment reflecting that denial has been entered on the docket. Execution of sentence was stayed pending disposition of this appeal. Prior proceedings between the parties with respect to the divorce and distribution of marital property are reported at 11 Mass. App. Ct. 903, 904 (1981), where it was held, among other things, that "the alimony [award] . . . was [neither] plainly wrong [n]or excessive." The husband claims that he was not afforded a proper hearing on the complaints for contempt and modification, that the information before the judge was insufficient to establish his present ability to satisfy the arrearages, and that the judge erred in refusing to modify the alimony order to reduce his future payments. There was no error.

The complaints for contempt and modification were consolidated for hearing and considered by the same judge who had granted the divorce and ordered the distribution of marital property. In prior proceedings for contempt brought by the wife, that judge had relieved the husband from his obligation to make payments while the husband was recovering from surgery, and had continued disposition of the contempt while the husband made arrangements to catch up on arrearages. Those arrearages were ultimately satisfied and that contempt was dismissed. On June 16, 1980, while acting on the present complaints, the judge learned that the husband was about to receive a sizeable cash distribution from his mother's estate. The judge settled arrearages then due at $1,529.64 and continued the cases to July 7, 1980, for further hearing and disposition. On that date, the judge was informed that the husband had in fact received a cash distribution of $34,000 from his mother's estate, that he had resumed the practice of law, and that, despite receipt of the estate funds, nothing had been paid to the wife, either to satisfy the outstanding arrearages or to maintain weekly alimony. The husband did not dispute any of these facts but took the position that obligations to other creditors should come first and that an anticipated diminution in the income from his law practice prohibited payment of what was then due the wife and required a reduction in the amount of the alimony order. The only issue with respect to the contempt was the husband's current ability to satisfy the arrearages and to continue weekly alimony payments. The information before the judge was clearly sufficient to warrant findings that the husband had the present ability to pay the sums due in full (see *Krokyn* v. *Krokyn*, 378 Mass. 206, 210-211 [1979]; *Pagar* v. *Pagar*, 9 Mass. App. Ct. 1, 7-8 [1980]), that his continued refusal to do so was contumacious (see *Sodones* v. *Sodones*, 366 Mass. 121, 130 [1974]), and that no material change in circumstances had occurred which would justify any change in the origin-

al alimony order. See G. L. c. 215, § 34B, inserted by St. 1977, c. 973; *Hinds* v. *Hinds*, 329 Mass. 190, 191 (1952); *Robbins* v. *Robbins*, 343 Mass. 247, 249 (1961). Our study of the present record, in light of the judge's extensive prior involvement with the case, satisfies us that the husband had an adequate opportunity to present his position on all the material issues raised in both complaints. The judgment on the wife's contempt complaint is affirmed. Since the record reveals that the modification requested by the cross complaint was also considered and denied as part of the contempt proceedings, the order denying the relief requested by that complaint is also affirmed.

*So ordered.*

The case was submitted on briefs.
*Sheldon Newman*, pro se.
*Richard S. Moscow* for the plaintiff.