## JOAN F. DIVER vs. JOSEPH C. DIVER.

Plymouth. January 7, 1988. — June 15, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Contempt. Divorce and Separation,* Child support.

A defendant in a divorce action, who had failed to meet his child support obligations, was properly held in civil contempt for disobeying the judge's instructions to him, originally characterized by the judge as an "admonition," that he obtain employment as a salesman "comparable to the position he held as a salesman between the years 1964 and 1983," where nothing in the record either contradicted the judge's subsequent description of his communication to the defendant as an "order," or demonstrated that the defendant satisfied his burden of proving his inability to obtain work as a salesman. [602-603]

A defendant in a divorce action could not properly be held in civil contempt for failure to cooperate with a Probate Court's family service office, where the judge's order which he allegedly violated did not require him to cooperate with that office. [603]

COMPLAINT for divorce filed in the Plymouth Division of the Probate and Family Court Department on June 29, 1983.

A proceeding for contempt, commenced on May 6, 1985, was heard by *Francis P. Murphy,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*George F. Mahoney* for the defendant.

*Joan F. Diver,* pro se.

O'CONNOR, J. On July 18, 1986, the defendant was adjudged guilty of civil contempt "for having wilfully failed and refused to obey [the court's] order of June 16, 1986, in that defendant failed to obtain a position as a salesman comparable to the position he held as salesman between the years 1964 and 1983," and he was committed to jail for six months. He appealed, and on August 5, 1986, a single justice of the Appeals Court stayed his sentence. On January 21, 1987, the defendant was

again adjudicated in civil contempt in that he "failed to cooperate with the Family Service Office with reference to . . . [acquiring] a position in sales or [a] sales related occupation," and he was committed to jail for thirty days. He appealed the second judgment. That sentence was stayed by a judge of the Probate and Family Court. The appeals were consolidated, and we took them on our own initiative. We affirm the first judgment and reverse the second.

The judgments arose out of an action for divorce brought in 1983 by the plaintiff. A judge issued a temporary order granting custody of the parties' children to the plaintiff and requiring the defendant to pay $165 per week for their support. At the time the order was entered, the defendant was employed as a salesman earning approximately $460 weekly.

On May 6, 1985, the plaintiff filed a contempt petition alleging the defendant's failure to meet his child support obligations. After a hearing, a judge found that the defendant was able to meet the support order but had failed to do so. The weekly support payments were ordered increased to make up for the arrearage. Subsequently, in July, 1985, the judge found the defendant in additional arrears and found that the defendant continued to be able to comply with the support order.

On April 10, 1986, following a hearing on March 21, the judge determined that the defendant had been unemployed since December 11, 1985, and that substantial arrears had accumulated. He continued the matter on condition that the defendant report to the Family Service Office weekly "concerning his job seeking efforts and employment status," and he ordered the defendant "to have a job on or within 30 days from the date of the hearing."

A further hearing took place on June 16, 1986. In a memorandum relative to that hearing, dated July 3, 1986, the judge observed that "[t]his case has a history of the defendant's failure to work up to his talents, that of a salesman." He found that, at the time of the hearing, the defendant was employed as a taxi cab driver with a weekly take home pay of $119.20. The judge reported in the memorandum that he had continued the matter to July 18, 1986, "with the admonition to the defend-

ant that he obtain a position as a salesman comparable to the position he held as a salesman between the years 1964 and 1983." The support obligation was modified to $25.00 per week.

After a hearing on July 18, 1986, the judge made the first contempt order to which this review is addressed. In an explanatory memorandum, the judge stated that, on June 16, 1986, he had "ordered the defendant to obtain a position as a salesman comparable to the position he held as a salesman between the years 1964 and 1983," and that he was adjudicating the defendant in civil contempt for his "failure to obtain a position as a salesman and for his continued refusal not [*sic*] to work up to his capabilities and talents." The judge concluded that "by such conduct [the defendant] was in open defiance of the court's orders to support the children of the parties," and he imposed a six-month jail sentence with the stipulation that the defendant "would be released when he indicated when he would be in compliance with the orders of the court."

On October 6, 1986, following the Appeals Court single justice's order staying the execution of the sentence, the judge conducted another hearing with respect to which he wrote another memorandum. That memorandum contained the following order: "The court . . . orders the Family Service Office to contact the various employers listed in Exhibit No. 1 to verify that the defendant had in fact made inquiries for job opportunities in the various firms as set forth in the exhibit. Upon completion by the Family Service Office of their survey of the various employers that the defendant has contacted, that the said Family Service Office shall report to the court the results of their findings at which time the court will further review the defendant's job seeking efforts and status."

Evidence presented at a hearing on January 21, 1987, shows that shortly after October 6, 1986, the Family Service Office attempted to communicate with the defendant to obtain his release of information relating to his job applications. The Family Service Office was unable to reach the defendant directly or through his attorney. A court hearing was held on November 16, 1986, to review the matter, and the defendant

failed to appear. The judge issued a capias for the defendant in accordance with G. L. c. 215, § 34A (1986 ed.). That capias was satisfied on January 6, 1987.

The second adjudication of contempt, which is also the subject of this review, was made on January 21, 1987, following this hearing. According to the judge's supporting memorandum, on October 6, 1986, he had ordered that "the defendant cooperate with the Family Service Office with reference to the furtherance on the part of the defendant to acquire a position in sales or sales related occupation," and the defendant had failed to comply with that order.

First, we address the adjudication of contempt on July 18, 1986. It is immaterial whether the defendant was adjudged in contempt on that occasion for failing to obtain a position as a salesman, or for failing to comply with child support orders, or both. Clearly, the judge was authorized by G. L. c. 208, § 19 (1986 ed.), to issue child support orders, and he was authorized to consider the defendant's earning capacity in setting the amounts to be paid. *Schuler* v. *Schuler*, 382 Mass. 366, 374 (1981). The defendant does not contend otherwise, nor does he contend that the judge lacked authority to order him to obtain employment as a salesman. The defendant makes only two contentions: (1) for contempt, there must be a clear and unequivocal command; the judge's "admonition" to the defendant on June 16, 1986, to obtain work as a salesman does not qualify as a clear and unequivocal command; (2) for contempt, there must be "disobedience" of such a command; there can be no disobedience without ability to comply, and the defendant did not have that ability.

The defendant argues that, in his July 3, 1986, memorandum, the judge used the word "admonition" to describe his communication to the defendant about obtaining employment as a salesman. "Admonition," he argues, means nothing more than gentle advice or something similar — not command. We are not persuaded. The judge reported in his July 18, 1986, memorandum that, on June 16, he had "ordered" the defendant to obtain employment as a salesman. The defendant points to nothing in the record that demonstrates that the judge's characterization

of his communication as an order was wrong. Thus, we are satisfied that, whether the judge held the defendant in contempt for failure to make timely and adequate support payments, or for failure to obtain employment as a salesman, the first adjudication was based on a clear and unequivocal command.

We also conclude that the judge was warranted in finding that the defendant had disobeyed his order. Without question, the defendant did not comply with the orders of support or with the order to obtain work as a salesman. It is true that such failures cannot constitute disobedience in the absence of an ability to comply, but the burden of proof on the ability issue is on the defendant. General Laws c. 215, § 34, applicable to the Probate and Family Court, provides in pertinent part: "At the hearing of a complaint for civil contempt, the defendant shall have the burden of proving his or her inability to comply with the pre-existing order or judgment of which the complaint alleges violation." Nothing in the record demonstrates that, as a matter of law, the defendant satisfied his burden of proving his inability to comply with the judge's orders. The judge did not err with respect to the first contempt adjudication.

We agree with the defendant that the contempt adjudication on January 21, 1987, based on the judge's conclusion that the defendant had violated an October 6, 1986, order requiring him to cooperate with the Family Service Office, cannot stand. The judge's memorandum dated October 6 contains an order requiring the Family Service Office to verify that the defendant had previously given that office accurate information concerning his job search. There was no order at that time requiring the defendant to cooperate with the Family Service Office in relation to his acquisition of a sales position. Thus, it could not rightly have been found that the defendant failed to comply with an October 6, 1986, court order. Therefore, the second contempt adjudication must be set aside.

The first contempt adjudication is affirmed. The second adjudication is reversed.

*So ordered.*