## NANCY L. HENNESSEY *vs.* CHARLES F. SARKIS.

No. 99-P-1703.

Norfolk. September 13, 2001. - March 7, 2002.

Present: GILLERMAN, CYPHER, & COHEN, JJ.

*Divorce and Separation,* Division of property, Attorney's fees. *Protective Order. Contempt. Practice, Civil,* Contempt.

On a wife's motion for relief from judgment under Mass.R.Civ.P. 60(b)(6) to add a provision to a divorce judgment permanently restraining her former husband from communicating with her, a Probate Court judge, deciding the issue without a hearing, did not err in allowing the motion under the authority of G. L. c. 208, § 18, but only to the extent of issuing a limited no-contact order, where, even though the divorce judgment had already entered, certain issues remained pending, and where, even though it would not have been proper for the judge to incorporate the restraining order into the judgment, it was within her authority to issue a temporary order in furtherance of keeping the peace between the parties until the conclusion of the proceedings. [153-156]

In a divorce proceeding, a Probate Court judge acted within her discretion under G. L. c. 208, § 38, to order an award of attorney's fees payable to the wife's counsel in order to mitigate expenses incurred as a result of the husband's obstructionist conduct. [156-157]

COMPLAINT for divorce filed in the Norfolk Division of the Probate and Family Court Department on February 9, 1996.

A motion for a restraining order and a complaint for contempt were heard by *Christina L. Harms,* J.

*David E. Cherny* for the defendant.

*Marc J. Cooper (David H. Lee* with him) for the plaintiff.

COHEN, J. The parties' April 1, 1998, divorce judgment left two aspects of the division of their marital property to be effectuated in the future. Paragraph eighteen referred the parties to a special master who was charged with implementing an equal division of designated personal property, with the assistance of expert appraisers as needed. Paragraph eight

provided that the parties divide their stock options equally, with the wife having the right to direct the husband to exercise any options that could not be signed over to her.

While these matters remained pending, the wife moved for a restraining order against the husband and filed a complaint for contempt alleging that he was not in compliance with the divorce judgment. The case is now before us on the husband's appeal from the issuance of a limited no-contact order that the judge incorporated into the parties' preexisting divorce judgment, and from the judgment on the wife's complaint for contempt.

1. The restraining order was issued nearly a year after the entry of the divorce judgment, when proceedings before the special master were ongoing. These proceedings were contentious, and the husband resorted to sending heated, derogatory correspondence to the wife and her attorneys. Of particular concern to the recipients was a series of angry and insulting letters in which the husband demanded the return of guns that he had left at the marital home.

It was in this context that, on May 7, 1999, the wife filed and served a motion for relief from judgment under Mass.R.Civ.P. 60(b)(6), 365 Mass. 828 (1974), to add a provision to the divorce judgment to permanently restrain the husband from communicating directly, in any way, with her or her agents. The trial judge decided the issue without a hearing, based upon the parties' unverified written submissions, and allowed the motion under the authority of G. L. c. 208, § 18[1] — but only to the extent of prohibiting the husband "from sending any form of written communication" to the wife or her lawyers.[2] The order

---

[1]This statute, as amended through St. 1989, c. 341, § 93, provides that "[t]he probate court in which the action for divorce is pending may, upon petition of the wife, prohibit the husband, or upon petition of the husband, prohibit the wife from imposing any restraint upon her or his personal liberty during the pendency of the action for divorce. Upon the petition of the husband or wife or the guardian of either, the court may make such further order as it deems necessary to protect either party or their children, to preserve the peace or to carry out the purposes of this section relative to restraint on personal liberty."

[2]The husband focuses exclusively on the prohibition against communications with the wife. He makes no argument directed to the restriction on his

did not provide that its violation would be a criminal offense. See G. L. c. 209A, § 7 (note 7, *infra*).

As an initial matter, the husband contends that it was error for the judge to issue the restraining order under c. 208, § 18, because that statute applies only to pending divorce cases and could not be used when a divorce judgment already had entered. It is correct that a request under G. L. c. 208, § 18, must be made while "the action for divorce is pending." However, that requirement was met in this case. Even though the divorce judgment already had entered, all of the issues raised by the wife's divorce complaint had not been disposed of, and the special master was continuing to implement the property division under the supervision of the trial judge. The divorce action remained pending, and G. L. c. 208, § 18, could be employed to facilitate the orderly and peaceful progress of the ongoing proceedings.

The husband next disputes the judge's authority to allow the wife's rule 60(b) motion, thereby incorporating the restraining order into the divorce judgment as a permanent order.[3] We agree with the husband on this point. The wife was seeking to make changes to a judgment that was then the subject of a pending appeal.[4] It therefore behooved the wife to obtain leave from the appellate court before she could have her rule 60(b)

communications with the wife's attorneys, and we therefore do not comment upon that feature of the order.

[3] In *Champagne* v. *Champagne*, 429 Mass. 324, 326-327 (1999), the court held that the second sentence of § 18 allows a permanent protective order to be incorporated into a final judgment of divorce in the judge's discretion, rejecting the interpretation that the § 18 order could remain in effect only while the divorce action was pending. *Id.* at 328.

[4] It appears the appeal, which has been decided in an unpublished memorandum and order of this court issued simultaneously with this opinion, was premature. To be sure, a divorce may be granted prior to and separately from a decision on support and division of property. See G. L. c. 208, § 34, (authorizing the adjudication of alimony and division of marital property "[u]pon divorce or upon a complaint in an action brought at any time after a divorce . . ."). Cf. *Cherrington* v. *Cherrington*, 404 Mass. 267, 269-270 (1989). Here, however, alimony and property division were not sought subsequent to divorce by separate complaint. Rather, discrete aspects of the division of the parties' property were left to be addressed in the divorce case after the entry of the divorce judgment. In these circumstances, the divorce judgment was not final and appealable until that task had been completed. Generally, a divorce judgment will not be treated as an appealable judgment

motion considered and allowed by the trial court.[5] See *Springfield Redev. Authy.* v. *Garcia*, 44 Mass. App. Ct. 432, 434-435 (1998). Even though it was not proper in the circumstances of this case for the judge to incorporate the restraining order into the judgment, it was within her authority to issue a temporary order in furtherance of keeping the peace between the parties until the conclusion of the proceedings (in this case, for the duration of the special master proceedings), and we construe the order in that fashion.

Viewing the order as a temporary order, we are unpersuaded by the husband's contention that the order was defective because it was entered summarily, without a hearing. Had the order been given permanent effect or had it provided that its violation would be a criminal offense pursuant to G. L. c. 209A, § 7, we would question the propriety of granting such relief without affording the husband greater procedural protections.

We draw this distinction in recognition that G. L. c. 208, § 18, has come to serve two, somewhat different, purposes. First, the statute allows a judge to respond with some immediacy and flexibility to harassing behaviors that may be temporarily exhibited by parties during divorce proceedings, but which do not rise to the level of "abuse" justifying intervention under G. L. c. 209A.[6] Second, it may be utilized for abuse prevention purposes akin to those of G. L. c. 209A, and, when used in that

until all claims are finally decided, unless the trial judge, pursuant to Mass.R. Dom.Rel.P 54(b), formally directs the entry of a final judgment as to fewer than all claims. Nevertheless, given the resolution of issues in this opinion, and in the interests of judicial economy, we have decided both cases.

[5]The wife maintains that she was told by an individual in the Appeals Court clerk's office that she could proceed with a motion for relief from judgment if it was "unrelated" to the issues on appeal. Even if she was so advised, it remained the wife's obligation to file a motion with a single justice of this court to obtain formal permission to bring her motion in the trial court.

[6]"Abuse" is defined in c. 209A, § 1, as appearing in St. 1990, c. 403, § 2, as "the occurrence of one or more of the following acts between family or household members: (a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; (c) causing another to engage involuntarily in sexual relations by force, threat or duress." The judge's decision not to designate the order in this case as criminally enforceable suggests that she did not consider the husband's behavior to constitute "abuse"; the order in this case was not issued on the standard form used by the Probate Court for abuse prevention orders.

way, the serious consequences of such an order[7] require that procedural formalities like those employed in 209A proceedings be observed. See G. L. c. 209A, § 4 (requiring that notice and opportunity to be heard be afforded to defendant before ex parte temporary order may be extended); *Frizado* v. *Frizado*, 420 Mass. 592, 596-598 (1995) (discussing nature and extent of defendant's procedural rights in cases brought under c. 209A).

2. We turn now to the judgment on the complaint for contempt. On February 25, 1999, the husband moved to stay paragraph eight (the provision referring to the exercise of the stock options) pending his appeal from the divorce judgment. After a hearing, the trial judge denied the husband's motion in a written order dated March 2, 1999. On April 1, 1999, the wife filed a complaint for civil contempt alleging that the husband had failed to honor the wife's direction to exercise various stock options and had also failed to provide her with financial and tax information relating to properties that had been awarded to her, as also required by the divorce judgment. The judge held a hearing on the complaint for contempt and entered a judgment dated April 15, 1999, in which she found that, on that date, the husband finally had obeyed the divorce judgment "in open court" by "cashing out" certain stock options as directed by the wife and by releasing documents that the wife needed for income tax purposes. However, the judge also found that the husband "was obstructionist in both regards, and . . . that his conduct necessitated the filing, and the hearing, of this contempt matter." The judge therefore ordered the husband to pay the wife's attorneys $3,000 in counsel fees.

Because the judge found that the husband had brought himself

---

General Laws c. 209A, § 7, as amended through St. 1996, c. 298, § 8, provides that the violation of an order entered under G. L. c. 208, § 18, to vacate, to refrain from abusing the complainant, or to have no contact with the complainant or the complainant's minor child may be designated as a criminal offense. See *Commonwealth* v. *Finase*, 435 Mass. 310, 313-314 (2001). Such orders are also required to be entered in the Statewide domestic violence recordkeeping system, pursuant to St. 1992, c. 188, § 7. See *Vaccaro* v. *Vaccaro*, Mass. 153, 155 & n. 3 (1997). Moreover, the violation of an abuse prevention order under c. 208, § 18, which is made permanent by incorporation into a divorce judgment, may support a conviction for stalking in violation of a court order, under G. L. c. 265, § 43(*b*). See *Commonwealth* v. *A has*, 430 Mass. 8, 11-12 (1999).

into compliance with the pertinent requirements of the divorce judgment, we do not read the April 15, 1999, judgment on the wife's complaint for contempt as adjudicating the husband in contempt. The husband's appeal from this judgment therefore reduces itself to the argument that he should not have been assessed attorney's fees. There was, however, ample basis for the judge to exercise her discretion under G. L. c. 208, § 38, to order an award of attorney's fees payable to the wife's counsel in order to mitigate expenses incurred as a result of the husband's obstructionist conduct. We therefore find no merit in the husband's argument.

3. *Conclusion.* The judgment on the wife's complaint for contempt is affirmed. That portion of the divorce judgment incorporating the restraining order is vacated. The restraining order shall remain in effect as a temporary order until such time as the master's proceedings are concluded or for thirty days from the date of this decision, whichever is later. The wife is not precluded from seeking further restraining order protection in the trial court, if it is warranted.

*So ordered.*