JUNE M. LYDON, trustee,[1] *vs.* THOMAS COULTER. No. 13-P-1272. June 17, 2014. *Judgment. Injunction. Contempt. Notice. Practice, Civil,* Attorney's fees, Contempt, Judgment, Injunctive relief.

This action arises from a zoning dispute between abutting landowners in the town of Milton (town). A judge in the Land Court, as part of a contempt action, awarded the plaintiff partial attorney's fees. The plaintiff appeals, claiming that the fees and costs awarded were erroneously low. The defendant cross-appeals, claiming that fees and costs should not have been awarded at all and that there was no contempt as the underlying Land Court judgment did not constitute an injunction. We affirm.

*Background.* We need not tarry on the extended litigation between the parties over the right of the defendant to operate a landscaping business next to a vacant residential home owned by the plaintiff.[2] On August 1, 2011, the plaintiff filed a motion for summary judgment. On May 3, 2012, the Land Court judge issued a decision and judgment finding largely in favor of the plaintiff.[3] In pertinent part, the judgment commanded that "[a] landscaping business may not be operated on [Coulter's property]."

On August 16, 2012, the plaintiff brought a complaint for civil contempt in the Land Court to enforce Coulter's compliance with the May 3 judgment. On December 18 of the same year, an evidentiary hearing was held on the complaint for contempt. Before the hearing, the judge took a view of the property in question. On July 3, 2013, the court entered judgment, finding that Coulter was, indeed, in contempt. As part of the contempt judgment, the judge awarded the plaintiff attorney's fees and costs.

In determining the amount of the fees, the judge grouped the plaintiff's actions to enforce the original judgment into four categories: (1) litigating Coulter's appeal of the May 3 judgment; (2) pursuing administrative remedies with the town; (3) attempting to prevent, and then appealing, an amendment to the zoning by-law; and (4) prosecuting the contempt action in the Land Court. The judge declined to award the plaintiff any fees incurred relative to the first three items. As to the fourth, the judge concluded that the plaintiff could recover. In the end, the judge allowed fees in the amount of $9,575 out of the $24,661.25 requested.

*Fees awarded.* This court reviews an award of attorney's fees and costs for abuse of discretion, and the judge's decision will be reversed only if it is clearly erroneous. *Global Investors Agent Corp.* v. *National Fire Ins. Co. of Hartford,* 76 Mass. App. Ct. 812, 828 (2010).

---

[1]Of The Lydon Family Trust.

[2]Coulter has resided, for twenty years, at 919 Blue Hill Avenue, which is also the site of the contested landscaping business. The plaintiff, through a trust, owns property to the rear of Coulter's lot that contains the vacant home. Coulter was the beneficiary of certain permits and variances that allowed him to operate his business. At a 2010 town board of appeals (board) hearing, the board considered extending the permits and variances. Over the plaintiff's protests, the board voted to allow Coulter to continue his business. When the plaintiff challenged the decision, the Land Court judge determined that the plaintiff lacked standing. On appeal, this court reversed. See *Lydon* v. *Board of Appeals of Milton,* 79 Mass. App. Ct. 1127 (2011).

[3]While the operation of the landscaping business was prohibited by the May 3 judgment, Coulter still was permitted to operate a florist business on the property and to sell produce and Christmas trees.

As to the various reductions and exclusions made by the judge in calculating the amount of the award, while we may have reached a different result, we cannot discern an abuse of discretion.[4]

*Coulter's cross appeal.* In his cross appeal, Coulter argues that the May 3 judgment did not constitute an injunction, and thus he could not be held in violation thereof.[5] He also asserts that the language of the decision — "[a] landscaping business may not be operated on [Coulter's property]" — was insufficient in detail and clarity to convey what specific acts were prohibited, and by what date Coulter needed to cease the activity.

Even without the explicit label "injunction," an order to undertake or refrain from undertaking a particular action nevertheless may be considered an injunction. What is required, as the judge below noted, is " 'a court order commanding or preventing an action.' Black's Law Dictionary (9th ed. 2009)." See *Pitt River Tribe* v. *United States Forest Serv.*, 615 F.3d 1069, 1078 (9th Cir. 2010) (defining injunction on basis of Black's Law Dictionary). The injunction must be "a clear and unequivocal command," and for contempt there must be "an equally clear and undoubted disobedience." *Demoulas* v. *Demoulas Super Mkts., Inc.*, 424 Mass. 501, 565 (1997), quoting from *Nickerson* v. *Dowd*, 342 Mass. 462, 464 (1961).

As the judge here observed, correctly in our view, the May 3 judgment "clearly and unequivocally commanded that a landscaping business not be operated" on the property in question.[6] While the better practice might have been for the judge to use the formal language in the May 3 judgment — injunction or enjoin(ed) — what transpired here was sufficient to put Coulter on notice as to what he could and could not do.[7] He went forward at his peril.

*Conclusion.* The judgment on the complaint for contempt is affirmed. The plaintiff is entitled to an award of attorney's fees and costs incurred in the pursuit of this appeal, limited to that portion on which he prevailed. See

---

[4]Coulter cross-appealed, claiming that the Land Court judge had no evidence on which to determine that the plaintiff's fees were reasonable. He urges that the failure of plaintiff's counsel to provide an affidavit "or other competent evidence that the bills reflected actual work done" forestalled the judge from making a reasonable calculation of fees. Since no objection was made to the admission of counsel's invoices at the contempt hearing, we need not address this argument. *Abraham* v. *Woburn*, 383 Mass. 724, 726 n.1 (1981). Even if we were to consider it, the defendant would fare no better given the broad discretionary powers of the judge to assess the reasonableness of the bills, which he clearly did here in substantially reducing the plaintiff's request.

[5]Coulter claims that the May 3 judgment was merely a declaratory judgment, appeal from which stayed the judgment under Mass.R.Civ.P. 62(d), 365 Mass. 829 (1974) ("the taking of an appeal from a judgment shall stay execution upon the judgment during the pendency of the appeal.") Pursuant to rule 62(a), as amended, 423 Mass. 1409 (1996), however, this automatic stay does not apply to injunctions.

[6]We note further that Coulter was on notice throughout the underlying litigation that the plaintiff was seeking, among other things, to "[e]njoin all commercial uses on the Locus."

[7]In the unlikely event that a party does not understand the parameters of an order such as this, the obvious course would be to request clarification, as opposed to ignoring it. See *Demoulas*, 424 Mass. at 569, quoting from *Coyne Indus. Laundry of Schenectady, Inc.*, v. *Gould*, 359 Mass. 269, 275 (1971) ("[I]f the defendant saw the decree as ambiguous . . . he could have sought clarification from the court before he engaged in the questionable conduct").

*Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004). The plaintiff may file, within ten days of the date of rescript, a request for such fees and costs along with supporting documentation thereof. Coulter may file an opposition within five days thereafter. See *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 20 (1989).

*Judgment affirmed.*

*Matthew J. Dunn* for the plaintiff.
*Samuel Perkins* for the defendant.