NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-242

GRETA M. MESZOELY

vs.

HAMID BENBRAHIM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from contempt proceedings initiated by Greta M. Meszoely (wife) against her former spouse, Hamid Benbrahim (husband).  The parties were divorced in January 2022.  Shortly thereafter, the wife filed a complaint for contempt in which she alleged the husband had failed to fulfill his obligation under the parties' separation agreement by, among other things, failing to provide her with health insurance coverage through his employer for a three-month period and to timely inform her about COBRA coverage available to her thereafter.[1]  Following a hearing, a judge of the Probate and Family Court issued a contempt order that, as relevant here, ordered the husband to pay (1) $2,573.67 for three months of

_____

[1] Additional grounds for contempt were resolved by agreement of the parties.

health insurance coverage; (2) $3,514.32 for damages relating to his failure to timely inform the wife regarding COBRA coverage;[2] and (3) $13,750 in attorney's fees incurred by the wife to prosecute the contempt.

On appeal, the husband does not challenge the underlying contempt order. Rather, he claims that (1) the award of attorney's fees was "plainly wrong" in the absence of evidence that he engaged in obstructionist conduct; (2) the remedies ordered by the judge were "excessive and cumulative"; and (3) the judge exhibited bias toward him. We affirm.

Discussion. Before we turn to the merits of the husband's appeal, we address the wife's claim that the appeal should be dismissed on the ground that the husband failed to file a timely notice of appeal. The husband seeks to appeal from a judgment entered on the trial court docket on January 6, 2023. He filed a timely motion for relief on January 13, 2023, which tolled the appeal period because it was served within ten days of the entry of judgment. See Mass. R. A. P. 4 (a) (2), as appearing in 481 Mass. 1606 (2019). Then, on January 25, 2023, the husband filed a notice of appeal before any ruling had issued on his

_____

[2] As presented to the judge by the wife, this amount represents the difference between the actual cost of twelve months of coverage obtained by her and the lower cost of COBRA coverage that she could have obtained had the husband timely informed her of its availability.

2

postjudgment motion. The judge disposed of the postjudgment motion on February 7, 2023, but the husband did not file a new notice of appeal as required by Mass. R. A. P. 4 (a) (3), as appearing in 481 Mass. 1606 (2019). The wife contends that the husband's appeal must be dismissed because our cases have consistently held that the failure to comply with rule 4 (a) (3) renders the prematurely filed notice of appeal a nullity, as if it had never been filed. See, e.g., Beliveau v. Ware, 87 Mass. App. Ct. 615, 616 (2015); Anthony v. Anthony, 21 Mass. App. Ct. 299, 300-302 (1985). However, as the husband notes in his reply brief, we have discretion to entertain his appeal, and we choose to exercise that discretion here because the premature filing of the notice of appeal did not prejudice the wife. See Roch v. Mollica, 481 Mass. 164, 165 n.2 (2019).

We now turn to the merits of the husband's arguments and begin our discussion with his challenge to the award of attorney's fees. The husband contends that because the contempt finding was based on his failure to furnish information rather than on any obstructionist conduct, the judge should have taken a more conservative approach in awarding attorney's fees and, at minimum, the award should have been reduced to omit fees incurred by the wife in connection with her claims that were settled by the parties on the day of the contempt hearing. As the husband appropriately acknowledges, we review an award of

3

attorney's fees for abuse of discretion.  See Lydon v. Coulter,
85 Mass. App. Ct. 914, 914-915 (2014).

We discern no abuse of discretion in the fee award for two
reasons.  First, contrary to the husband's assertion, the judge
was not precluded from awarding fees on the ground that the
contempt order was based on a failure to provide information.
Furthermore, even if we were to agree with the husband's claim
that his conduct was somehow less serious because, for example,
he did not withhold a payment, the fact remains that the wife
was forced to bring a complaint for contempt in order to obtain
the information the husband should have provided and, as a
result, incurred unnecessary legal expenses.

Second, the judge did not abuse her discretion to award
fees on the settled claims because those claims were resolved
only after the wife's complaint had been served.  See Hennessey
v. Sarkis, 54 Mass. App. Ct. 152, 156-157 (2002) ("ample basis"
for judge to exercise discretion under G. L. c. 208, § 38, to
award fees to wife, "in order to mitigate [her] expenses"
incurred in bringing contempt action where husband only "brought
himself into compliance with . . . the divorce judgment" on day
of hearing).

The husband further claims that the judge should have held
an evidentiary hearing to determine the appropriate amount of
attorney's fees.  We are hard pressed to fault the judge where,

4

as here, there was no request for a hearing. In any event, the judge was not required to conduct an evidentiary hearing on the limited issue of counsel fees and, furthermore, the parties' written submissions, in addition to their oral representations, were sufficient to support the fee award.

Next, the husband argues that the remedies ordered by the judge were excessive and cumulative. We see no merit to this argument, which ignores both the evidence and the judge's broad equitable powers to fashion appropriate remedies. See Cabot v. Cabot, 55 Mass. App. Ct. 756, 768 (2002). The record supports the judge's order that the wife was entitled to reimbursement for three months of health insurance and for the additional cost to her for twelve months of the insurance coverage that she obtained without the benefit of COBRA coverage. The wife incurred these expenses as a direct result of the husband's conduct. In sum, the judge properly held the husband accountable for the consequences of his failure to provide information regarding insurance coverage in a timely manner.

The husband's final argument, that the judge exhibited bias against him, requires little discussion. To begin with, the husband never brought a motion requesting that the judge recuse herself. Second, and more importantly, our review of the record

including the judge's comments on which the husband relies, does not provide a basis for concluding the judge was not impartial.[3]

<u>Judgment affirmed</u>.

By the Court (Vuono, Milkey & Hand, JJ.[4]),

Assistant Clerk

Entered:  March 11, 2024.

---

[3] The wife's request for appellate attorney's fees is denied.
[4] The panelists are listed in order of seniority.