NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-734

JEFFREY BUCKLEY

vs.

KAREN BUCKLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a contempt hearing, a judge of the Probate and Family Court (contempt judge) issued a judgment adjudicating Karen Buckley (wife), the former spouse of Jeffrey Buckley (husband), guilty of civil contempt for failing to timely comply with an order pertaining to the division of assets set forth in a February 2025 judgment of divorce nisi (divorce judgment). The contempt judge also awarded the husband attorney's fees in the amount of $1,500, and costs in the amount of eighty dollars. The wife appeals from the contempt judgment, arguing, among other things, that there was no evidence demonstrating she willfully disobeyed the divorce judgment.  We reverse the

finding of contempt but affirm the award of $1,580 in attorney's fees and costs.

Background.  The divorce judgment, which was issued by a different judge on February 6, 2025, provided in relevant part that:

> "In consideration of the division of assets contained herein, the Wife will pay the Husband $82,000 representing a buyout of his interest in the [marital home] as well as consideration for and a settlement of all other claims raised in the divorce.  The Wife shall transfer this sum to the Husband via certified check as soon as possible, but in any event no later than thirty (30) days after the Court's approval of this Agreement."

In other words, the divorce judgment contemplated that the wife would pay the husband $82,000 on or before March 8, 2025.  The wife did not make the payment by March 8, 2025.

On March 18, 2025, the husband filed a complaint for contempt.  The wife paid the husband $82,000 on April 8, 2025. The wife was served with the complaint for contempt the next day, April 9, 2025.  A contempt hearing was held on April 17, 2025.[1]  Following the hearing, the contempt judge found the wife in contempt and assessed attorney's fees and costs in the amount of $1,580.[2]  This appeal followed.

---

[1] Though the wife referred to the contempt hearing in her brief, she did not provide a transcript of the hearing.  We exercised our discretion and obtained a copy of the transcript from the Probate and Family Court clerk's office.

[2] The husband sought legal fees in the amount of $3,800.

Discussion.  "To prove civil contempt a plaintiff must show two elements:  there must be (1) clear disobedience of (2) a clear and unequivocal command."  Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018).  "Before finding a defendant in civil contempt, the judge must find that the defendant had the ability to pay at the time the contempt order or judgment is entered."  Department of Revenue Child Support Enforcement v. Grullon, 485 Mass. 129, 134 (2020).  In the Probate and Family Court, "[a]t the hearing of a complaint for civil contempt, the defendant shall have the burden of proving his or her inability to comply with the pre-existing order or judgment of which the complaint alleges violation."  G. L. c. 215, § 34.  See Birchall, petitioner, 454 Mass. 837, 850 n.13 (2009); Diver v. Diver, 402 Mass. 599, 603 (1988).  "We review the judge's ultimate finding of contempt for abuse of discretion, but we review underlying conclusions of law de novo and underlying findings of fact for clear error."  Jones v. Jones, 101 Mass. App. Ct. 673, 688 (2022), quoting Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018).

As an initial matter, we address the wife's contention that the contempt complaint should have been dismissed because she made the payment prior to the contempt hearing.  To the extent that the wife contends that the contempt judge could not properly hold her in contempt because she was in full compliance

3

with the divorce judgment by the time of the contempt hearing, the wife is correct. See Cooper v. Cooper, 62 Mass. App. Ct. 130, 143 (2004) ("contempt is precluded by the judge's finding that the [h]usband eventually did pay the money, and has purged his contempt prior to the hearing" [quotation omitted]).

Nevertheless, the contempt judge could exercise her discretion pursuant to G. L. c. 208, § 38, to order the wife to pay the husband's attorney's fees and costs. See Hennessey v. Sarkis, 54 Mass. App. Ct. 152, 157 (2002) (where husband brought himself into compliance with divorce judgment prior to contempt judgment, his appeal of contempt judgment "reduce[d] itself to the argument that he should not have been assessed attorney['s] fees"). See also G. L. c. 208, § 38 ("the court may, in its discretion, award costs and expenses, or either, to either party . . . . In any case wherein costs and expenses, or either, may be awarded hereunder to a party, they may be awarded to his or her counsel, or may be apportioned between them").

Here, "[n]othing in the record demonstrates that, as a matter of law, the [wife] satisfied [her] burden of proving [her] inability to comply with the judge's orders." Diver, 402 Mass. at 603. The wife admits her payment was late but argues that her delayed payment was due in part to her bank's title company taking two months to finalize her mortgage loan. However, the mortgage loan was not the only source of funds

available to the wife.  The wife conceded and the contempt judge found that the wife's financial statement showed she had sufficient funds in various accounts to pay $82,000 to the husband prior to March 8, 2025.[3]  The wife's argument that her hospitalization prevented her from making the payment on time was implicitly rejected by the contempt judge given the availability of assets independent of the mortgage the wife sought and obtained.  The contempt judge did not abuse her discretion in awarding attorney's fees and costs to the husband "in order to mitigate expenses incurred as a result of" the wife's delay in making the required payment.[4]  Hennessey, 54 Mass. App. Ct. at 157.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) ("trial judge's decision . . . is plainly not an

---

[3] The wife's argument that withdrawing funds from various retirement accounts would have negatively affected her may have meant that her late payment to the husband was a rational economic decision, but it does not mean that she could not have complied with the agreement and judgment.  See G. L. c. 215, § 34 (burden is on defendant to prove "his or her inability to comply with the pre-existing order or judgment" [emphasis added]).

[4] To the extent the wife argues that her due process rights were violated, we are not convinced.  At the contempt hearing, the judge allowed the wife to explain each of the reasons why she was allegedly unable to make the payment to the husband by March 8, 2025.  Therefore, the wife was afforded "an adequate opportunity to present [her] position on all the material issues raised in" the husband's contempt complaint.  Tatar v. Schuker, 70 Mass. App. Ct. 436, 450 (2007), quoting Newman v. Newman, 12 Mass. App. Ct. 874, 875-876 (1981).

abuse of discretion simply because a reviewing court would have reached a different result").

Conclusion.  We reverse so much of the April 17, 2025 judgment as found the wife guilty of contempt.  The portion of the judgment assessing attorney's fees and costs in the amount of $1,580 against the wife is affirmed.

So ordered.

By the Court (Henry, Shin & Toone, JJ.[5]),

*Paul Little*

Clerk

Entered:  April 14, 2026.

---

[5] The panelists are listed in order of seniority.

6